Argued and submitted June 6, 2011, general and supplemental judgments reversed and remanded August 29, 2012, petition for review denied January 24, 2013 (353 Or 203)

NW PROPERTY WHOLESALERS, LLC,
a foreign corporation,
*Plaintiff-Respondent,*

*v.*

Jeffrey Whyle SPITZ,
*Defendant-Appellant.*

Jeffrey Todd WHYLE-SPITZ,
individually,
and on behalf of
The Jeffrey Todd Whyle-Spitz Irrevocable Trust;
The Jeffrey Todd Whyle-Spitz Irrevocable Trust;
and Gunars Edwin Valkirs,
Successor Trustee of
The Jeffrey Todd Whyle-Spitz Irrevocable Trust,
*Plaintiffs-Appellants,*

*v.*

NORTHWEST TRUSTEE SERVICES, INC.,
a foreign corporation;
NW Property Wholesalers, LLC,
a foreign corporation;
Chase Home Finance, LLC,
a foreign limited liability company;
and Holly K. Martinez,
an individual,
*Defendants-Respondents.*

NORTHWEST TRUSTEE SERVICES, INC.,
a foreign corporation,
*Third-Party Plaintiff,*

*v.*

FORECLOSURE EXPEDITORS, LLC,
*Third-Party Defendant.*

FORECLOSURE EXPEDITORS, LLC,
*Fourth-Party Plaintiff,*

*v.*

**CAPITOL INVESTIGATION COMPANY,**
*Fourth-Party Defendant.*

Washington County Circuit Court
C080713EV, C081288CV; A143458

287 P3d 1106

Richard L. Grant argued the cause and filed the brief for appellants.

William D. Miner argued the cause for respondent Holly K. Martinez. With him on the brief was Davis Wright Tremaine LLP.

Teresa M. Shill argued the cause for respondents Northwest Trustee Services, Inc. and Chase Home Finance, LLC. With her on the brief was Routh Crabtree Olsen, P.C.

Terrance J. Slominski filed the brief for respondent NW Property Wholesalers, LLC.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

ARMSTRONG, P. J.

**ARMSTRONG, P. J.**

Plaintiffs Spitz and the Jeffrey Todd Whyle-Spitz Irrevocable Trust (the trust) appeal a general judgment in a declaratory judgment action that concluded that their ownership interest in residential real property had been terminated by a trust deed foreclosure sale. Plaintiffs contend that the trial court erred in denying them their requested declaration that the foreclosure sale was invalid as to them because defendants had failed to properly serve them with notice of the sale. Plaintiffs also appeal a supplemental judgment awarding attorney fees to defendants as the prevailing parties in the action. We conclude that the court erred in its understanding of the applicable trust deed foreclosure statutes and that the error requires us to reverse the court's judgments and remand the case for further proceedings.

The parties stipulated to the following facts. Spitz granted JP Morgan Chase Bank (JP Morgan) a trust deed in residential real property, which Spitz occupied throughout the pertinent period, to secure repayment of a promissory note. Spitz then conveyed the property to the trust by a bargain and sale deed. At that time, Spitz was the trustee of the trust, and the address listed for Spitz and the trust in the bargain and sale deed is the address for the real property. After Spitz had conveyed the property to the trust, JP Morgan assigned its interest in the trust deed to defendant Chase Home Finance, LLC.

Spitz eventually defaulted on the promissory note by failing to make payments. The successor trustee for the trust deed, defendant Northwest Trustee Services, Inc. (NWTS), issued a notice of default and election to sell the property (the notice). On October 4, 2007, NWTS mailed copies of the notice by first class mail and by certified mail with return receipt requested to Spitz in his personal capacity and in his capacity as trustee of the trust. The United States Postal Service returned to NWTS as unclaimed mail the copies of the notice that NWTS had mailed to Spitz by certified mail. A process server for NWTS sought but failed to effect personal service of the notice on occupants of the property.

NWTS conducted a nonjudicial trust deed foreclosure and sale on February 6, 2008, and sold the property to

defendant Northwest Property Wholesalers, LLC (NW Property). NWTS issued a trustee's deed to NW Property, and NW Property then sold the property to defendant Martinez.

NW Property commenced a forcible entry and detainer (FED) action to remove Spitz from the property. Plaintiffs responded by filing a declaratory judgment action against defendants seeking a declaration that the foreclosure sale was invalid as to plaintiffs because NWTS had failed to effect service of the notice on plaintiffs pursuant to ORS 86.750, which requires the notice of sale to be served on an occupant in the manner in which a summons is served under ORCP 7 D.

The trial court consolidated the FED action and plaintiffs' declaratory relief action. The crux of the dispute between the parties concerned whether NWTS had to serve the notice on plaintiffs pursuant to ORS 86.750 in order to foreclose their interest in the property or whether service on them pursuant to ORS 86.740 was effective to do that. ORS 86.750 requires service of the notice on occupants of property to be made "in the manner in which a summons is served pursuant to" ORCP 7 D. ORS 86.740 permits service of the notice to be made on the grantor of the trust deed, successors in interest to the grantor, and others by serving the notice in the manner in which a summons is served pursuant to ORCP 7 D *or* by mailing the notice by first class and certified mail with return receipt requested.

Plaintiffs contended at trial that the notice had to be served on an occupant in the manner in which a summons is served pursuant to ORCP 7 D in order for the occupant's interest in the property to be foreclosed by a trust deed foreclosure sale. They reasoned that ORS 86.750 requires occupants to be served in that manner and that that requirement applies to occupants, such as grantors of trust deeds, notwithstanding that ORS 86.740 permits service of the notice to be made on grantors and others in the manner in which a summons is served *or* by first class and certified mail. In other words, according to plaintiffs, although service by first class and certified mail satisfies the service requirement in ORS 86.740 and is effective to foreclose the interests in the property of those who are *not*

occupants, it is *not* effective to foreclose the interest of those who *are* occupants.

Defendants disagreed. In their view, ORS 86.750 applies only to occupants, such as lessees, who are *not* subject to service under ORS 86.740. They contended that occupants who come within one of the categories of persons identified in ORS 86.740, such as trust deed grantors, are subject to service under ORS 86.740 and can be served in either of the two ways specified in the statute, *viz.*, by mailing the notice by first class and certified mail *or* by serving the notice in the manner in which a summons is served.

The parties tried their dispute over the effect of the trust deed foreclosure sale on plaintiffs' interest in the property to the court on the basis of stipulated facts and some exhibits. The court generally agreed with defendants about the relationship between ORS 86.740 and ORS 86.750 on the service of the notice on occupants. It concluded that Spitz and the trust were subject to service under ORS 86.740 as, respectively, the grantor of the trust deed that was the subject of the foreclosure sale and his successor in interest; that they had been properly served by first class and certified mail under that statute; and, hence, that the foreclosure sale had terminated all of their interests in the property. However, because Spitz was an occupant of the property who had not been served in the manner specified in ORS 86.750, the court concluded that he had not been given notice that was effective to terminate his occupancy of the property for purposes of the FED claim that had been consolidated for trial with the declaratory judgment claim.

Plaintiffs appeal the general judgment that the court entered in the case, reprising the arguments that they made below regarding the relationship between ORS 86.740 and ORS 86.750. Defendants contend, in turn, that the trial court correctly understood and applied those statutes. Our review of the legislative development of those statutes over the past 50 years leads us to conclude that plaintiffs' understanding of them is correct and, hence, that the trial court erred in concluding otherwise.

The legislature created the statutory framework for trust deeds and their foreclosure in 1959. *See* Or Laws 1959,

ch 625. *See generally Niday v. GMAC Mortgage, LLC*, 251 Or App 278, 281-84, 284 P3d 1157 (2012) (discussing adoption of Oregon's Trust Deed Act). The provisions that are central to this case, ORS 86.740, ORS 87.750, and ORS 87.770 were part of the original enactment, but they have been modified in important ways since then.

ORS 86.740 embodies the core notice requirement bearing on the foreclosure and sale of property that is subject to a trust deed. Its function is to give to people whose interest in property could be affected by a pending trust deed foreclosure and sale notice of the sale sufficiently in advance of the sale to enable them to act to protect their interests. As originally enacted, ORS 86.740 provided, as relevant to this case:

"(1)   Subsequent to recording notice of default * * * and at least 180 days before the day fixed by the trustee for the trustee's sale, notice of the sale shall be given by registered or certified mail to the last known address of the following persons or their legal representatives, if any:

"(a)   The grantor in the trust deed.

"(b)   Any successor or predecessor in interest to the grantor whose interest appears of record, or of whose interest the trustee or the beneficiary has actual notice.

"(c)   Any lessee or other person in possession of or occupying the property.

"(d)   Any person having a lien or interest subsequent to the interest of the trustee in the trust deed where such lien or interest appears of record or where the trustee or beneficiary has actual notice of such lien or interest.

"(e)   Any person requesting notice as provided in [ORS 86.785]."

Or Laws 1959, ch 625, § 6 (codified at ORS 86.740 (1959)).

ORS 86.770, in turn, is the provision that establishes the legal effect of a trust deed foreclosure sale on those to whom notice is given under ORS 86.740. It provided at its adoption, as relevant:

"A sale made by a trustee under [ORS 86.705 to 86.795] shall foreclose and terminate all interest in the property covered by the trust deed of all persons to whom notice is

given under [ORS 86.740] and of any other person claiming by, through or under such persons, and such persons shall have no right to redeem the property from the purchaser at the trustee's sale. The failure to give notice to any of these persons shall not affect the validity of the sale as to persons so notified."

Or Laws 1959, ch 625, § 12 (codified at ORS 86.770(1) (1959)).

Finally, ORS 86.750 is a provision addressed to service of the notice on occupants of the property. It provided:

"(1)   If there be occupants of the property described in the deed, the notice [of sale] prescribed [in ORS 86.745] shall be personally served upon them in the manner in which a summons is served; if the property be vacant, or if after reasonable efforts to do so the notice has not been personally served on the occupants of the property, the notice shall be posted in a conspicuous place on the property.

"(2)   A copy of the notice of sale shall be published in a newspaper of general circulation in each of the counties in which the property is situated once a week for four successive weeks. The last publication shall be made at least 30 days prior to the date of sale.

"(3)   At least 20 days prior to the date of sale, an affidavit of mailing notice of sale, proof of personal service (if any), an affidavit of posting (when posting is required) and an affidavit of publication of notice of sale shall be recorded in the mortgage records in the county or counties in which the property described in the deed is situated."

Or Laws 1959, ch 625, § 8 (codified at ORS 86.750 (1959)).

The striking thing about ORS 86.750 at its enactment is that, while it sought to better ensure that occupants received notice of the sale by requiring that the notice be personally served on them in the manner in which a summons is served, it did not impose a consequence for a trustee's failure to do that. Because ORS 86.740 required notice of the sale to be given by registered or certified mail to the grantor of the trust deed and to others who had or claimed an interest in the property, *including occupants*, and ORS 86.770 provided that a trust deed foreclosure sale would foreclose and terminate the interests of all those who received notice pursuant to *ORS 86.740*, a trustee's failure

to personally serve the notice on an occupant pursuant to ORS 86.750 presumably would not have affected the validity of the sale. If the trustee served the notice on the affected occupant by registered or certified mail pursuant to ORS 86.740, the occupant's interest in the property would be terminated notwithstanding the trustee's failure to comply with the requirement in ORS 86.750 to personally serve the notice on the occupant.

The legislature amended the three statutes in 1965 to draw a clear distinction between occupants and others regarding the manner in which the notice of sale is to be served. As we will explain, the combined effect of the amendments was to require that the notice be personally served on occupants in the manner in which a summons is served, that is, that service be made on them pursuant to ORS 86.750, in order for a trust deed foreclosure sale to terminate their interest in the property.

We begin with ORS 86.750(1). As amended in 1965, the statute provided:

"If the property described in the trust deed is occupied by the grantor in the trust deed, by a successor in interest to the grantor whose interest appears of record, or of whose interest the trustee or the beneficiary has actual notice, or by a lessee, the notice prescribed in ORS 86.745 shall be personally served upon him in the manner in which a summons is served at least 120 days before the day fixed by the trustee for the trustee's sale."

Or Laws 1965, ch 457, § 5 (codified at ORS 86.750(1) (1965)). ORS 86.770, in turn, was amended to provide that a trust deed foreclosure sale would foreclose and terminate the interest of those "to whom notice is given under ORS 86.740 *and ORS 86.750.*" Or Laws 1965, ch 457, § 9 (codified at ORS 86.770 (1965)) (emphasis added). Finally, ORS 86.740(1) was amended to provide:

"Subsequent to recording notice of default as provided in ORS 86.735 and at least 120 days before the day fixed by the trustee for the trustee's sale, notice of the sale shall be given by registered or certified mail to the last-known address of the following persons or their legal representatives, if any:

"(a) The grantor of the trust deed.

"(b)  Any successor in interest to the grantor whose interest appears of record, or of whose interest the trustee or the beneficiary has actual notice.

"(c)  Any person, including the [Department of Revenue] or any other state agency, having a lien or interest subsequent to the interest of the trustee in the trust deed where such lien or interest appears of record or where the trustee or the beneficiary has actual notice of such lien or interest.

"(d)  Any person requesting notice as provided in ORS 86.785."

Or Laws 1965, ch 457, § 3 (codified at ORS 86.740(1) (1965)).

Viewed together, the changes to those statutes established a dichotomy between occupants of property and everyone else regarding service of the notice. The changes that created the dichotomy were threefold. First, the legislature amended ORS 86.750 to specify categories of occupants who are subject to service under that statute that effectively encompassed everyone who had an interest in property who could be an occupant, including, as particularly pertinent to this case, grantors of trust deeds.[1] Second, it removed lessees and other possessors and occupants of property from those who are subject to service under ORS 86.740 and added lessees to those who are subject to service under ORS 86.750. Finally, and most critically, it added ORS 86.750 as one of the two notice statutes in ORS 86.770 through which the interests in property of people who receive notice are foreclosed and terminated by a trustee's trust deed foreclosure sale.

The effect of those changes is best understood by considering their application to lessees. Before 1965, lessees were subject to service under ORS 86.740 notwithstanding

---

[1] As it turns out, the 1965 amendments removed language from ORS 86.740 that provided for service of the notice on month-to-month tenants, who, according to the proponents of the amendments, did not have an interest in property and, hence, did not need to get notice of a foreclosure sale of it. Testimony, Senate Judiciary Committee, SB 370, Mar 11, 1965, Ex A (statement of Stanton W. Allison and Herbert Alstadt). Of course, month-to-month tenants have an interest in property, but their interest presumably was not thought to be significant enough to require service of the notice on them in the context of a nonjudicial trust deed foreclosure sale. The decision to exclude them from the notice requirement does not bear on the issues in this case.

that, as occupants, they also were among those who were subject to service under ORS 86.750. If notice was served on a lessee pursuant to ORS 86.740, that is, by mail, then the lessee's interest in the property would be terminated by a trust deed foreclosure sale of the property. ORS 86.770.

After 1965 lessees, as occupants, had to be served notice pursuant to ORS 86.750, that is, personally in the manner by which a summons is served, in order for a trust deed foreclosure sale to terminate their interest in property. They could not be served pursuant to ORS 86.740, that is, by mail.

That same principle applied to grantors who occupied their property notwithstanding that grantors continued to be listed in ORS 86.740 as people who could be served pursuant to ORS 86.740. Grantors of trust deeds had to continue to be listed in ORS 86.740 because, in contrast to lessees, grantors will not necessarily occupy the property to be foreclosed, so they had to be subject to service under ORS 86.740 if they were not occupants. However, a grantor who *was* an occupant had to be served pursuant to ORS 86.750 in order for a foreclosure sale to terminate the grantor's interest in the property. Service on such a grantor pursuant to ORS 86.740 was ineffective to do that.

That understanding of the statutes is confirmed by the proponents of the 1965 amendments, who explained that the amendments were intended to require that personal service of the notice of sale be made on "occupants of the property who have or claim an interest therein." Testimony, Senate Judiciary Committee, SB 370, Mar 11, 1965, Ex A (statement of Stanton W. Allison and Herbert Altstadt). The proponents further explained that, because "occupants of the property who have or claim an interest therein * * * would be [personally] served [pursuant to ORS 86.750], mailing of notice seems unnecessary." *Id.* Their explanation of the 1965 amendments reflects the intended effect of them, which was to create the dichotomy that we have described between occupants, who had to be served personally pursuant to ORS 86.750 in order for a trust deed foreclosure sale to terminate their interest in property, and

everyone else, who could be served by mail pursuant to ORS 86.740 in order to terminate their interest.

Defendants agree with that understanding of the 1965 amendments, that is, they agree that it created the dichotomy in treatment between occupants of property and others that we have described. They contend, however, that 1983 amendments to ORS 86.740 and ORS 86.750 effectively eliminated the dichotomy. We disagree.

The 1983 amendments were intended to give trustees more flexibility in serving notice on those who were subject to service under ORS 86.740 and thereby to reduce the cost of serving them. To do that, the legislature amended ORS 86.740 to do two things: (1) to undo changes that it had made to that statute in 1979 that had required that service on several categories of interest holders who were *not* occupants of property be made by serving them in the manner in which a summons is served and (2) to allow service on those who are subject to service under ORS 86.740 be made by serving them either in the manner in which a summons is served or by first class and certified mail. *See* Tape Recording, Senate Judiciary Committee, SB 304, Mar 8, 1983, Tape 47, Side A (statement of John Davenport); Tape Recording, House Committee on the Judiciary, SB 304, May 26, 1983, Tape 374, Side A (statement of Kenneth Sherman, Jr.).[2]

---

[2] The relevant changes to ORS 86.740 are reflected in the following quotation from the 1983 session laws, with new language in bold and deleted language in bolded italics within brackets. The final paragraph contains the language that was added in 1979, see Or Laws 1979, ch 879, § 2, and deleted in 1983.

"86.740.(1) Subsequent to recording notice of default as provided in ORS 86.735 and at least 120 days before the day [*fixed by*] the trustee [*for the trustee's*] **conducts the** sale, notice of the sale shall be [*given*] **served pursuant to ORCP 7 D.(2) and 7 D.(3) or mailed** by [*registered or*] **both first class and** certified mail **with return receipt requested,** to the last-known address of the following persons or their legal representatives, if any:

"(a) The grantor in the trust deed.

"(b) Any successor in interest to the grantor whose interest appears of record, or of whose interest the trustee or the beneficiary has actual notice.

"(c) **Any person, including the Department of Revenue or any other state agency, having a lien or interest subsequent to the trust deed if the lien or interest appears of record or the beneficiary has actual notice of the lien or interest.**

"[*(c)*] **(d)** Any person requesting notice as provided in ORS 86.785.

"[*(2) Subsequent to recording notice of default as provided in ORS 86.735 and at least 90 days before the day fixed by the trustee for*

The 1983 amendment of ORS 86.750(1) removed the list of occupants who were subject to service under that statute and replaced it with the single term, "occupant," but nothing about that change suggests that it was intended to eliminate the dichotomy in treatment between occupants and others regarding service of the notice that the 1965 amendments had established.[3] In fact, the proponents of the amendments affirmed that "[o]ccupants of the property must be personally served with the notice of sale." Testimony, House Committee on the Judiciary, SB 304, May 26, 1983, Ex A (statement of Gary Roberts and Kenneth Sherman, Jr.). Nothing in the legislative history suggests otherwise.

In summary, the dichotomy in treatment that the legislature established in 1965 that requires that notice be served in the manner specified in ORS 86.750 on a person who is an occupant of property in order to terminate that person's interest in the property remains in effect and applied to the service at issue in this case. A grantor of a trust deed who is *not* an occupant of the affected property may be served in the manner specified in ORS 86.740(1), *viz.*, by serving the notice in the manner in which a summons is served *or* by serving it by first class and certified mail, and

---

*the trustee's sale, notice of the sale shall be served upon any person, including the Department of Revenue or any other state agency, having a lien or interest subsequent to the interest of the trustee in the trust deed if the lien or interest appears of record or the trustee or the beneficiary has actual notice of the lien or interest, in the manner in which a summons is served pursuant to ORCP 7 D.(2) and 7 D.(3). However, if service cannot be made upon such person after reasonable efforts to do so have been made, then in lieu of service under ORCP 7 D.(2) or 7 D.(3) the notice of sale shall be given by registered or certified mail to the last-known address of such person.]"*

Or Law 1983, ch 719, § 4.

[3] The changes to ORS 86.750(1) are reflected in the following quotation from the 1983 session laws, with new language in bold and deleted language in bolded italics within brackets:

"86.750. (1) [*If the property described in the trust deed is occupied by the grantor in the trust deed, by a successor in interest to the grantor whose interest appears of record, or of whose interest the trustee or the beneficiary has actual notice, or by a lessee,*] The notice prescribed in ORS 86.745 shall be served upon [*him*] **an occupant of the property described in the trust deed** in the manner in which a summons is served pursuant to ORCP 7 D.(2) and 7 D.(3) at least 120 days before the day [*fixed by*] the trustee [*for the trustee's*] **conducts the** sale."

Or Laws 1983, ch 719, § 6.

service pursuant to that statute is effective to terminate such a grantor's interest in the property. However, service on a grantor who *is* an occupant of the affected property must be made in the manner specified in ORS 86.750(1), that is, by serving the notice in the manner in which a summons is served, in order for a trust deed foreclosure sale of the property to affect such a grantor's interest.

The trial court rejected plaintiffs' declaratory judgment claim based on its conclusion that service of the notice on Spitz by mail pursuant to ORS 86.740(1) was effective service on him as a grantor of the trust deed notwithstanding that he was an occupant of the property and, consequently, that the foreclosure sale terminated his interest in the property. The court erred in reaching that conclusion.

The parties tried the declaratory judgment claim on stipulated facts based on an apparent belief that the resolution of the claim turned on whether plaintiffs' or defendants' understanding of the applicable trust deed foreclosure statutes was correct. However, no one has addressed the effect of the transfer of Spitz's interest in the property to the trust. Because that transfer presents unresolved issues that may depend on further factual development, we must remand the case to the trial court so that the parties and the trial court can address them. In light of our decision, we reverse the supplemental judgment on attorney fees as well.

General and supplemental judgments reversed and remanded.