## US BANK, NA,
*Plaintiff-Respondent,*

*v.*

## Joseph L. ECKERT,
*Defendant-Appellant.*

Clackamas County Circuit Court
FE111267; A150030

331 P3d 1064

Harry Ainsworth argued the cause and filed the brief for appellant.

Katrina E. Glogowski argued the cause and filed the brief for respondent.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Lagesen, Judge.

DUNCAN, P. J.

**DUNCAN, P. J.**

Plaintiff brought this forcible entry and wrongful detainer (FED) action against defendant for possession of residential real property. Plaintiff asserted that it was entitled to possession because it had purchased the property following a trust deed foreclosure sale. The trial court entered a general judgment issuing a notice of restitution and writ of execution in favor of plaintiff.

Defendant appeals, asserting that the trial court erred in entering the judgment because plaintiff failed to prove that it was the "purchaser" of the property at the trustee's sale. *Former* ORS 86.755(5)(a) (2009), *renumbered as* ORS 86.782 (2013) (the "purchaser at the trustee's sale is entitled to possession of the property on the 10th day after the sale"); *see Option One Mortgage Corp. v. Wall*, 159 Or App 354, 361, 977 P2d 408 (1999) (reversing judgment in favor of the plaintiff in FED action because service of the notice of the trustee's sale was inadequate under *former* ORS 86.750 (1995), *renumbered as* ORS 86.774 (2013), and, thus, the plaintiff was not entitled to possession of the property as a "purchaser" at the trustee's sale, *former* ORS 86.755(5)(a)). Defendant argues that plaintiff failed to prove that it was the purchaser of the property because it failed to prove that two prerequisites for a trustee's sale had been satisfied. First, defendant argues that plaintiff failed to prove that "any appointment of a successor trustee [was] recorded." *Former* ORS 86.735(1) (2009), *renumbered as* ORS 86.752 (2013). Second, defendant argues that plaintiff failed to prove that the notice of the trustee's sale was personally served on an occupant. *Former* ORS 86.750. We agree with defendant that plaintiff failed to prove that "any appointment of a successor trustee [was] recorded," *former* ORS 86.735(1), and we reverse on that ground; thus, we do not address defendant's argument regarding service of the notice of sale.

We begin by describing the relevant statutory framework. ORS chapter 86 sets forth the process by which a trustee may foreclose a trust deed nonjudicially—that is, by advertisement and sale.[1] *Former* ORS 86.735 provided that

---

[1] The Oregon legislature substantially renumbered and revised chapter 86 in 2013. We cite to the version of chapter 86 in effect when the events in this case occurred.

a trustee may foreclose a trust deed by advertisement and sale in the manner provided by *former* ORS 86.740 (2009), *renumbered as* ORS 86.764 (2013), *former* ORS 86.755, if certain assignments and appointments—including "any appointment of a successor trustee"—have been recorded; if the grantor or other person has defaulted on an obligation that is secured by the trust deed; if the trustee or beneficiary has properly filed a notice of default and election to sell; and, with limited exceptions, if no action has been instituted to recover any part of the debt remaining secured by the trust deed. If the trustee sells the property, the trustee executes a trustee's deed in favor of the purchaser. *See former* ORS 86.775 (2009), *renumbered as* ORS 86.800 (2013) (describing required contents of trustee's deed to purchaser). When the trustee's deed is recorded in the county where the property is located, "the recitals contained in the deed and in the affidavits required under ORS 86.750(3) and (4) shall be prima facie evidence in any court of the truth of the matters set forth therein." *Former* ORS 86.780 (2009), *renumbered as* ORS 86.803 (2013).

With certain exceptions not relevant here, the purchaser at a trustee's sale is entitled to possession of the property on the tenth day after the sale, and any person remaining in possession of the property on the tenth day "under any interest, except an interest prior to the trust deed, or an interest the grantor or a successor of the grantor created voluntarily," is a tenant at sufferance. *Former* ORS 86.755(5)(a). One way in which a purchaser may obtain possession of the property from a tenant at sufferance is through an FED action. *Id.* ("The purchaser may obtain possession of the property from a tenant at sufferance by following the procedures set forth in ORS 105.105 to 105.168 or other applicable judicial procedure.").

Pursuant to ORS 105.123, an FED complaint must state:

"(1)  A description of the premises with convenient certainty;

"(2)  That the defendant is in possession of the premises;

"(3)   That, in the case of a dwelling unit to which ORS chapter 90 does not apply, the defendant entered upon the premises with force or unlawfully holds the premises with force; and

"(4)   That the plaintiff is entitled to the possession of the premises."

With that legal context in mind, we describe the relevant facts, which are undisputed. Defendant was the legal owner of real property commonly known as 6800 SE Lamphier Street, Milwaukie, OR 97267. He executed a trust deed in favor of Mortgage Electronic Registration Systems, Inc. on or about November 30, 2004, which was recorded on December 1, 2004, with Clackamas County. Defendant subsequently defaulted on his obligations under the deed, and a trustee's sale was held on January 25, 2011, at which plaintiff was the successful bidder. A trustee's deed was issued to plaintiff on February 7, 2011, and was subsequently recorded with Clackamas County.

Plaintiff filed an FED action on July 19, 2011, seeking possession of the subject property. Defendant filed an answer on July 28, 2011, followed by an amended answer on August 10, 2011. On August 10, 2011, the parties proceeded to trial. At trial, defendant objected to the admission of plaintiff's exhibits on a variety of grounds, including that the exhibits were not certified copies, were not self-authenticating, and lacked a proper foundation. The trial court did not admit the exhibits. Instead, the court adjourned the trial and reset the case for the following month in order to allow plaintiff to procure certified copies of the exhibits.

The trial resumed on September 26, 2011. Defendant was the sole witness. The court admitted into evidence the trustee's deed upon sale, an "Affidavit of Mailing Notice of Sale," an "Affidavit of Publication Notice of Sale," an "Affidavit of Service," and several informational notices attached to the affidavits. The top of the first page of the trustee's deed upon sale states that it is between "LSI TITLE OF OREGON, LLC, hereinafter called Trustee, and US BANK, NA, hereinafter called the Grantee[.]" Further down, under a section entitled "RECITALS," the deed states:

"JOSEPH L. ECKERT, (UNMARRIED), as Grantor, executed and delivered to DAVID A KUBAT, as Trustee, for the benefit of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Beneficiary, a certain Trust Deed dated 11/30/2004, duly recorded on 12/1/2004, under Instrument No. 2004-110072, records of CLACKAMAS County, OREGON."

The deed is signed by a representative of LSI Title of Oregon, LLC (LSI).

At trial, plaintiff argued that the trustee's deed upon sale demonstrated that plaintiff had purchased the subject property at the trustee's sale. Plaintiff also argued that the three affidavits and the documents attached to them demonstrated that the trustee's sale had been conducted properly, with all required notices. Thus, asserted plaintiff, it was entitled to possession of the subject property.

Defendant contended that plaintiff had failed to offer any evidence that the appointment of LSI, the apparent successor trustee, was recorded, as required by *former* ORS 86.735(1). Plaintiff responded that there was no evidence that LSI was *not* properly appointed as the successor trustee. The trial court asked plaintiff to explain how the failure to introduce evidence that the appointment of a successor trustee was recorded was not fatal to plaintiff's FED action. Plaintiff conceded that,

"* * * in this instance, an appointment of successor trustee would have to be recorded prior to the recording of the notice of default in order to give the trustee the proper authority to proceed.

"In this case, * * * I do not have copies of the appointment of successor trustee, much less certified copies of the appointment of successor trustee. * * *

"* * * * *

"And in this case, the trustee's deed upon sale does properly state that the trustee was LSI Title of Oregon. And I do not believe that just raising an argument of a missing certified copy is sufficient to overcome this prima facie evidence of the trustee's deed upon sale, Your Honor."

After a brief recess, the trial court rejected defendant's arguments and awarded possession of the property to plaintiff. The court entered a general judgment in favor of plaintiff, including a notice of restitution of the premises and a writ of execution, on October 11, 2011. Defendant timely appealed.

On appeal, defendant argues that the trial court erred in finding that the appointment of the successor trustee was duly recorded. Plaintiff responds that the recitals in the trustee's deed upon sale state that LSI is the trustee, and that those recitals constitute *prima facie* evidence of the matters set forth therein under *former* ORS 86.780.

We begin with the text of the relevant statute. *Former* ORS 86.735 provided, in pertinent part:

"The trustee may foreclose a trust deed by advertisement and sale in the manner provided in ORS 86.740 to 86.755 if:

"(1)   The trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded in the mortgage records in the counties in which the property described in the deed is situated[.]"

Thus, *former* ORS 86.735(1) contained mandatory prerequisites that had to be fulfilled before a trustee was permitted to foreclose a trust deed by advertisement and sale. *Brandrup v. ReconTrust Co.*, 353 Or 668, 677, 303 P3d 301 (2013) (holding that a trustee may conduct a nonjudicial foreclosure sale only after satisfying the conditions in *former* ORS 86.735); *Niday v. GMAC Mortgage, LLC*, 353 Or 648, 651, 302 P3d 444 (2013) (same).

We now examine plaintiff's evidence that the appointment of the successor trustee was properly recorded. The top of the first page of the trustee's deed states that LSI is "hereinafter called Trustee." The trustee's deed is also signed by a representative of LSI. In contrast, however, the "recitals" portion of the trustee's deed states that David A. Kubat was the trustee when the deed was executed in 2004. That evidence suggests that, at some point, LSI was appointed successor trustee to Kubat. But there is simply no evidence in

the record that the appointment of LSI as successor trustee was recorded, as required before a trustee is permitted to foreclose a trust deed by advertisement and sale. *Former* ORS 86.735(1).

Plaintiff argues that, under *former* ORS 86.780, when the trustee's deed is recorded in the county in which the property described in the deed is situated, the recitals in the deed constitute *prima facie* evidence of the truth of the matters set forth therein. Plaintiff correctly characterizes *former* ORS 86.780. Nevertheless, that statute does not assist plaintiff because the recitals in the trustee's deed do not mention LSI, much less assert that it was appointed as the trustee and that the appointment was recorded. In fact, the recitals state that another party, David A. Kubat, is or was trustee.

As mentioned, other portions of the trustee's deed—outside of the recitals—mention LSI. The top of the deed states that LSI is "hereinafter called Trustee," and the deed is signed by a representative of LSI. But, even assuming that those assertions could be considered recitals for purposes of *former* ORS 86.780, they do not include an assertion that the appointment of LSI as successor trustee was properly recorded. Because plaintiff produced no evidence that the appointment of LSI was properly recorded, we conclude that the trial court erred in entering a general judgment, including a notice of restitution and writ of execution, in favor of plaintiff.

Reversed.