On respondent's petition for reconsideration filed July 23, and appellant's response to petition for reconsideration filed July 31, reconsideration allowed, former opinion (264 Or App 189, 331 P3d 1064) adhered to December 24, 2014

## US BANK, NA,
*Plaintiff-Respondent,*

*v.*

## Joseph L. ECKERT,
*Defendant-Appellant.*

Clackamas County Circuit Court
FE111267; A150030

341 P3d 173

Katrina Glogowski for petition.

Harry D. Ainsworth for response.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Wollheim, Senior Judge.

DUNCAN, P. J.

**DUNCAN, P. J.**

Plaintiff-respondent US Bank, NA, petitions for reconsideration in *US Bank, NA v. Eckert*, 264 Or App 189, 331 P3d 1064 (2014). As explained below, we allow the petition, reject plaintiff's argument for modification raised for the first time in its petition, and adhere to our opinion in *Eckert*.

In *Eckert*, a forcible entry and wrongful detainer (FED) case, we reversed the trial court's judgment awarding plaintiff possession of certain real property. 264 Or App at 195. We did so based on our conclusion that plaintiff had failed to present sufficient evidence that it was, as it claimed, entitled to possession as the "purchaser of the property at a trustee's sale." *Former* ORS 86.755(5)(a) (2009), *renumbered as* ORS 86.782 (2013) (the "purchaser at the trustee's sale is entitled to possession of the property on the 10th day after the sale"). We explained that there are mandatory prerequisites for a trustee's sale and that, as defendant argued, plaintiff had failed to establish that one of those prerequisites had been satisfied; specifically, plaintiff had failed to establish that "any appointment of a successor trustee [was] recorded[,]" as required by *former* ORS 86.735(1) (2009), *renumbered as* ORS 86.752 (2013). *Eckert*, 264 Or App at 194-95.

Plaintiff petitions for reconsideration, asserting that we erred in "construing or applying the law to the facts." *See* ORAP 6.25(1)(e). Plaintiff's basic contention on reconsideration is that a defendant is not permitted to challenge the validity of the underlying trustee's sale in an FED action—or, indeed, in any action following the trustee's sale. In support of its contention, plaintiff argues that *former* ORS 86.770(1) (2009), *renumbered as* ORS 86.797 (2013), bars a party that had notice of the trustee's sale from challenging that sale after it has been completed; that statute provides, in part, "If, under ORS 86.705 to 86.795, a trustee sells property covered by a trust deed, the trustee's sale forecloses and terminates the interest in the property that belongs to a person that received notice of the sale under ORS 86.740 and 86.750 \* \* \*."[1] Plaintiff cites *Mikityuk v. Northwest Trustee*

---

[1] *Former* ORS 86.770(1) provided, in full:

"If, under ORS 86.705 to 86.795, a trustee sells property covered by a trust deed, the trustee's sale forecloses and terminates the interest in the

*Services, Inc.*, 952 F Supp 2d 958 (D Or 2013), and *Mitchell v. Homesales, Inc.*, No 3:13-cv-00665-SI, 2014 WL 1744991 (D Or Apr 30, 2014), as persuasive authority. Plaintiff also argues that, as a matter of public policy, an FED defendant should not be allowed to challenge the validity of the underlying trustee's sale because such sales should be final and FED proceedings should be summary proceedings.

Defendant responds that, as an initial matter, plaintiff's argument regarding *former* ORS 86.770(1) is not a basis for reconsideration because plaintiff did not raise it at trial or in plaintiff's answering brief.

As to the merits of plaintiff's argument, defendant argues that plaintiff ignores the portion of *former* ORS 86.770(1) that requires the trustee's sale to be conducted pursuant to the provisions of the Oregon Trust Deed Act (OTDA). *See former* ORS 86.770(1) ("If, *under ORS 86.705 to 86.795*, a trustee sells property covered by a trust deed * * *." (Emphasis added.)). Defendant further argues that the OTDA contemplates post-sale challenges to trustees' sales. According to defendant, the OTDA includes evidentiary presumptions that are of use only in a post-sale judicial proceeding; specifically, *former* ORS 86.780 (2009), *renumbered as* ORS 86.803 (2013), provides that the recitals in a trustee's deed "shall be prima facie evidence in any court of the truth of the matters set forth therein, but the recitals shall be conclusive in favor of a purchaser for value in good faith relying upon them."[2] That statute, defendant argues, establishes that the legislature envisioned post-sale challenges to trustees' sales and made the recitals in a trust deed

---

property that belongs to a person that received notice of the sale under ORS 86.740 and 86.750 or to a person that claims an interest by, through or under the person that received notice. A person whose interest the trustee's sale foreclosed and terminated may *not redeem the property from the purchaser* at the trustee's sale. A failure to give notice to a person entitled to notice does not affect the validity of the sale as to persons that were notified."

[2] *Former* ORS 86.780 provided, in full:

"When the trustee's deed is recorded in the deed records of the county or counties where the property described in the deed is situated, the recitals contained in the deed and in the affidavits required under ORS 86.750 (3) and (4) shall be prima facie evidence in any court of the truth of the matters set forth therein, but the recitals shall be conclusive in favor of a purchaser for value in good faith relying upon them."

conclusive only when a purchaser for value relied on them in good faith—otherwise, they are only *prima facie* evidence and may therefore be challenged.

In response to plaintiff's reliance on *Mikityuk*, defendant argues that Oregon courts have recognized the validity of post-sale challenges to trustees' sales. *See U.S. Bank National Association v. Wright*, 253 Or App 207, 289 P3d 361 (2012) (holding that defendant could raise the trustee's alleged failure to conduct the trustee's sale as a defense in a post-sale ejectment action); *NW Property Wholesalers, LLC v. Spitz*, 252 Or App 29, 287 P3d 1106 (2012), *rev den*, 353 Or 203 (2013) (allowing alleged failure to properly serve an occupant to be raised in a post-sale FED joined with an action for declaratory relief); *Staffordshire Investments, Inc. v. Cal-Western*, 209 Or App 528, 149 P3d 150 (2006), *rev den*, 342 Or 727 (2007) (holding that defendant could raise alleged lack of default as defense in a post-sale breach of contract action); *Option One Mortgage Corp. v. Wall*, 159 Or App 354, 977 P2d 408 (1999) (holding that the failure to serve an occupant with notice of trustee's sale could be raised in a post-sale FED). Defendant asserts that *Mikityuk*, which plaintiff cites as persuasive authority, "ignored or minimized the existing Oregon law interpreting the scope of ORS 86.770 and 86.780."

We allow plaintiff's petition for reconsideration, but reject its suggestion that we should "reframe [our] analysis based on the decisive statutory language of [*former*] ORS 86.771 [*sic*] that was not considered in the briefing or holding." The opinion did not consider plaintiff's argument based on *former* ORS 86.770 because plaintiff did not make that argument in its briefing. Accordingly, we reject plaintiff's argument as not properly before us. *Rogers v. RGIS, LLP*, 232 Or App 433, 435, 222 P3d 710 (2009), *rev den*, 348 Or 291 (2010) ("A petition for reconsideration is not a proper method for making an argument for the first time.").

Reconsideration allowed, former opinion adhered to.