Argued and submitted June 23, 2015, affirmed October 12, 2016, petition for review denied February 16, 2017 (361 Or 100)

Janine M. DiGREGORIO,
*Plaintiff-Appellant,*

*v.*

BAYVIEW LOAN SERVICING, LLC,
*Defendant-Respondent,*

*and*

QUALITY LOAN SERVICE
CORPORATION OF WASHINGTON
*Defendant.*

Clackamas County Circuit Court
CV13050403

BAYVIEW LOAN SERVICING, LLC,
*Plaintiff-Respondent,*

*v.*

Janine M. DiGREGORIO
and All Occupants of the Premises located at
8910 Southeast Denali Drive,
Happy Valley, Oregon 97086,
*Defendant-Appellant.*

Clackamas County Circuit Court
FE130611;

A157399

381 P3d 961

Henry C. Breithaupt, Judge pro tempore.

Jeffrey A. Myers argued the cause and filed the briefs for appellant Janine M. DiGregorio.

John Thomas argued the cause for respondent. With him on the brief was RCO Legal, P.S.

Before Sercombe, Presiding Judge, and Hadlock, Chief Judge, and Tookey, Judge.

.

## SERCOMBE, P. J.

This appeal presents the question whether the grantor of a trust deed, who had notice that her property was being sold at a trustee's sale under the Oregon Trust Deed Act (OTDA), may later challenge that sale on the sole ground that the trustee's notice of sale did not correctly identify the beneficiary of the trust deed. *See* ORS 86.771 (setting forth the required contents of a notice of sale).[1] As explained below, we conclude that the trial court in this case correctly understood ORS 86.797 to preclude such a challenge.[2] Accordingly, we affirm the trial court's grant of summary judgment in this case.

The following facts are undisputed. In 2007, Janine DiGregorio borrowed $999,900, for which she executed a note that was secured by a trust deed on property located in Happy Valley, Oregon.[3] In the trust deed, Mortgage Electronic Registration Systems, Inc. (MERS), as a nominee for the lender, First Horizon Home Loans, a division of First Tennessee Bank, N.A. (First Horizon), is listed as the beneficiary. The deed lists First American Title Insurance Company as trustee.

---

[1] ORS 86.771 provides, in part:

"The notice of sale must:

"(1) List the names of the grantor, trustee and beneficiary in the trust deed, and the mailing address of the trustee.

"(2) Describe the property the trust deed covers.

"(3) Identify the book and page of the mortgage records that record the trust deed.

"(4) State the default for which the foreclosure is made.

"(5) State the sum owing on the obligation that the trust deed secures.

"(6) State that the property will be sold to satisfy the obligation.

"(7) Set forth the date, time and place of the sale.

"(8) State that the right exists under ORS 86.778 to have the proceeding dismissed and the trust deed reinstated by paying the entire amount then due, together with costs, trustee's fees and attorney fees, and by curing any other default complained of in the notice of default, at any time that is not later than five days before the date last set for the sale."

[2] In 2013, many provisions of the OTDA were renumbered. Although, before the trial court and in their briefs, the parties have referenced the statutes by their former citations, throughout this opinion, we refer to the statutes by their current citations.

[3] Michael DiGregorio, who is not a party to this case, also signed the promissory note and trust deed.

The trust deed was recorded in the public records. In addition, there were two later assignments of the trust deed, both of which were recorded in the public records. First, in 2010, MERS assigned any beneficial interest in the trust deed to the lender, First Horizon. Then, in 2012, First Horizon assigned the trust deed to Bayview Loan Servicing, LLC (Bayview), who was also the holder and servicer of the note.[4] Bayview, also in 2012, appointed a successor trustee, Quality Loan Service Corporation (QLS). That appointment was recorded in the public records.

In 2010, DiGregorio went into payment default on the note secured by the trust deed. In 2012, at Bayview's direction, QLS issued and recorded a notice of default and election to sell; DiGregorio received that notice. Also in 2012, the trustee's notice of sale was recorded, mailed, served at the property, and published in the newspaper. That notice provided, in part:

> "Reference is made to that certain deed made by **MICHAEL P DIGREGORIO & JANINE M DIGREGORIO**, as Grantor to **FIRST AMERICAN TITLE INSURANCE COMPANY**, as trustee, in favor of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FIRST HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK, N.A.**, as Beneficiary, dated **12/28/2007**, recorded **12/31/2007**, in official records of **CLACKAMAS** County, Oregon in book / reel / volume number fee / file / instrument / microfile / reception number **2007-108452**, covering the following described property situated in said County and State ***."

(Boldface and capitalization in original.) It also, among other things, gave the legal description and address of the property to be sold, identified QLS as the trustee and gave QLS's mailing address, and set forth the date, time, and place where the sale of the property would occur. The notice

---

[4] The 2012 assignment was by "First Tennessee Bank National Association, as successor by merger to First Horizon Home Loan Corporation by its Attorney-in-Fact, Bayview Loan Servicing, LLC." (Capitalization omitted.) The note was indorsed in blank by First Horizon. *See* ORS 73.0205(2) ("If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement.' When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.").

did not identify Bayview as the then-current beneficiary of the trust deed. Although DiGregorio received the notice, she took no action in advance of the sale. At the trustee's sale on September 10, 2012, Bayview was the successful bidder. Thereafter, QLS issued and recorded a trustee's deed.

Following the sale, in 2013, Bayview filed an action against DiGregorio for forcible entry and detainer (FED) to recover the property. DiGregorio separately filed an action for declaratory relief against Bayview, seeking a declaration "voiding, and invalidating the non-judicial foreclosure and sale of [the property] because the Notice of Sale is invalid." Specifically, DiGregorio claimed that the nonjudicial foreclosure was invalid because the trustee's notice of sale had listed MERS, as nominee for First Horizon, as "beneficiary." However, according to DiGregorio, "neither MERS nor First Horizon was the 'beneficiary' when the Notice of Sale was executed." The trial court granted Bayview's motion to consolidate the two actions and, thereafter, Bayview filed a motion for summary judgment.

In the motion, Bayview asserted that it was entitled to summary judgment for two reasons. First, it asserted that, because DiGregorio had undisputedly received full notice of the trustee's sale, in light of ORS 86.797, she could not bring a collateral challenge to the nonjudicial foreclosure based on her assertion that the notice of sale had not listed the current beneficiary. Second, Bayview argued that, in any event, the notice of sale, by naming the beneficiary listed in the trust deed, had complied with the requirements of ORS 86.771. The trial court agreed that, even if the beneficiary was not properly identified in the notice of sale, her claims were barred in light of ORS 86.797. Accordingly, it entered a judgment in favor of Bayview on all of DiGregorio's claims, and awarded Bayview a general judgment of restitution of the property that had been sold in the nonjudicial foreclosure.

On appeal, DiGregorio asserts that the trial court erred in granting Bayview's motion for summary judgment. She argues that, because the trustee's notice of sale was "defective," ORS 86.797 does not bar her claim. As it did before the trial court, Bayview argues, in response, that

DiGregorio received notice of the trustee's sale and ORS 86.797 prevents her from challenging the nonjudicial foreclosure based on her sole assertion that the notice of sale had not listed the current beneficiary. *See* ORS 86.771(1) (a trustee's notice of sale must list "the names of the grantor, trustee and beneficiary in the trust deed, and the mailing address of the trustee"). It also argues that the trustee's notice of sale complied with ORS 86.771(1) by identifying the name of the beneficiary as originally listed in the trust deed. We agree with Bayview that, in light of ORS 86.797, DiGregorio cannot bring a post-sale challenge based on her assertion that the trustee's notice of sale does not correctly identify the beneficiary. Thus, we do not address whether the notice of sale's identification of the beneficiary complied with the requirements of ORS 86.771(1).

Pursuant to ORS 86.797(1),

"[i]f, under ORS 86.705 to 86.815 [(the OTDA)], a trustee sells property covered by a trust deed, the trustee's sale forecloses and terminates the interest in the property that belongs to a person to which notice of sale was given under ORS 86.764 and 86.774 or to a person who claims an interest by, through or under the person to which notice was given. A person whose interest the trustee's sale foreclosed and terminated may not redeem the property from the purchaser at the trustee's sale. A failure to give notice to a person entitled to notice does not affect the validity of the sale as to persons that were notified."

According to Bayview, under the plain text of that statute, once a trustee's sale occurs, the rights of any person who received notice of the sale are "wholly extinguished" and such a party may not challenge the validity of the sale after it is completed. DiGregorio, for her part, points out that the language of ORS 86.797 is conditional: "The use of the word 'if' to begin the statutory provision renders ORS [86.797] expressly conditional, whereby 'the trustee forecloses and terminates the interest in the property that belongs to a person to which notice of sale was given' is dependent upon satisfaction of the antecedent clause '[i]f, under ORS 86.705 to [86.815], a trustee sells property covered by a trust deed.'" (Second brackets in DiGregorio's brief.) She asserts that, because the trustee's notice of sale did not correctly

identify the beneficiary of the trust deed, the trustee did not sell the property "under ORS 86.705 to 86.815" and, therefore, ORS 86.797 does not bar her from bringing her post-sale challenge. In other words, it is DiGregorio's contention that failure to strictly comply with a single provision of the OTDA (that the trustee's notice of sale list the name of the "beneficiary in the trust deed") renders ORS 86.797 inapplicable and the trustee's sale invalid. Bayview contends that the statute does not mandate strict compliance with every provision of the OTDA for the trustee's sale to be valid. *Cf. Wolf v. GMAC Mortgage, LLC*, 276 Or App 541, 546, 370 P3d 1254 (2016) (declining to resolve whether ORS 86.797 "requires strict compliance with every provision of the OTDA before a person's property interests will be terminated by a trustee's sale"). Thus, the issue we must resolve in this case is whether a purported failure to identify the beneficiary in the trust deed in the trustee's notice of sale means that a trustee did not sell property covered by a trust deed "under ORS 86.705 to 86.815." We agree with Bayview that ORS 86.797 does not mandate strict compliance with every provision of the OTDA for a trustee's sale to be valid.

ORS 86.797 "establishes the legal effect of a trust deed foreclosure sale on those to whom notice" of the sale has been given. *NW Property Wholesalers, LLC v. Spitz*, 252 Or App 29, 34, 287 P3d 1106 (2012), *rev den*, 353 Or 203 (2013). That is, the person's interest is foreclosed and terminated and that person may not "redeem the property from the purchaser at the trustee's sale." ORS 86.797(1). The clause "under ORS 86.705 to 86.815" in ORS 86.797 is merely descriptive of the type of sale to which the statute's provisions apply— that is, sales conducted by a trustee under the OTDA. As long as the sale is of the type described, the provisions of ORS 86.797 apply. And, contrary to DiGregorio's contention, the text of the clause at issue does not create substantive requirements or suggest that strict compliance with *every* provision of the OTDA is required before a person's property interests may be terminated by a trustee's sale. *See State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009) (we resolve issues of statutory interpretation by beginning with the text and context of the statute and considering the statute's legislative history if appropriate).

We further observe that the text of ORS 86.797 specifically carves out provision of notice under ORS 86.764 and ORS 86.774 as a requirement to the finality of a foreclosure. Its provisions specifically apply to foreclose and terminate only the interests of "a person to which notice was given" under those statutes. *See also NW Property Wholesalers*, 252 Or App 29 (discussing the notice requirements of *former* ORS 86.740 (2011), *renumbered as* ORS 86.764 (2013), and *former* ORS 86.750 (2011), *renumbered as* ORS 86.774 (2013)). It also specifically states that a "failure to give notice to a person entitled to notice *does not* affect the validity of the sale as to persons that were notified." (Emphasis added.) The legislature's decision to specifically carve out the provision of notice under ORS 86.764 and ORS 86.774 as affecting the validity of a trustee's sale implicitly undermines the notion advanced by DiGregorio that *any* defect in the foreclosure process undermines the foreclosure sale at a later date.

That understanding is consistent with the purposes of the OTDA, which was

> "enacted in 1959 to provide an alternative to the judicial foreclosure process. That nonjudicial alternative is available when the parties use a trust deed to secure the loan. A trust deed is a deed executed under the OTDA that conveys an interest in real property to a trustee in trust to secure the performance of an obligation the grantor or other person named in the deed owes to a beneficiary. The OTDA permits the trustee appointed under a trust deed to advertise and sell the property to the highest bidder without judicial involvement. Like a mortgage, a trust deed creates a lien on real property to secure an underlying obligation in the event of a default."

*Brandrup v. ReconTrust Co.*, 353 Or 668, 676, 303 P3d 301 (2013) (citations and internal quotation marks omitted). In other words, the OTDA "confers upon a trustee the power to sell property securing an obligation under a trust deed in the event of default, without the necessity for judicial action." *Staffordshire Investments, Inc. v. Cal-Western*, 209 Or App 528, 542, 149 P3d 150 (2006), *rev den*, 342 Or 727 (2007). "[I]n authorizing the use of trust deeds, the legislature sought to provide a more cost-effective means of foreclosing

liens on real property and, in doing so, to expand the pool of capital available for small homeowners." *Brandrup*, 353 Or at 711 (Kistler, J., concurring in part and dissenting in part) (citing Minutes, House Committee on Judiciary, SB 117, Apr 16, 1959, 1). The OTDA also "reflect[s] the legislature's intent to protect the grantor against the unauthorized loss of its property and to give the grantor sufficient opportunity to cure the default." *Staffordshire Investments, Inc.*, 209 Or App at 542. Thus, it incorporates safeguards to protect grantors against unauthorized foreclosure. To allow a grantor "time to seek judicial intervention" in appropriate circumstances, the trustee is required to give the grantor and other interested parties at least 120 days' advance notice of the trustee's sale. *Brandrup*, 353 Or at 677; *see* ORS 86.752; ORS 86.764. Furthermore, the OTDA "provides a mechanism by which the grantor can, at any time prior to five days before the date set for sale, cure the default and dismiss the proceedings." *Staffordshire Investments, Inc.*, 209 Or App at 542; *see* ORS 86.778. "If the trustee has complied with the statutory notice requirements and the default is not cured, the trustee may sell the property at public auction to the highest bidder without judicial oversight." *Brandrup*, 353 Or at 678. After a trustee's sale, the interest of a grantor that was properly provided notice under ORS 86.764 and ORS 86.774 is foreclosed and terminated, and the grantor cannot redeem the property. ORS 86.797(1).

As those provisions demonstrate, the OTDA, as a whole, "represents a well-coordinated statutory scheme to protect grantors from unauthorized foreclosure and wrongful sale of property, while at the same time providing creditors with a quick and efficient remedy against a defaulting grantor." *Staffordshire Investments, Inc.*, 209 Or App at 542. As we observed in *Wolf*, in enacting the OTDA, "the legislature intended to provide finality" and also to protect grantors from the wrongful sale of their property. 276 Or App at 548. However, the understanding of ORS 86.797(1) advanced by DiGregorio, that a defect of any type at any stage of the process under the OTDA undercuts the validity of the trustee's sale after it has been conducted, does not serve those interests. It runs directly contrary to the interest of providing a quick, efficient, and final remedy against a

defaulting grantor, while not serving the interest of protecting grantors against unauthorized foreclosures and wrongful sales of property.

That point is illustrated by the circumstances of this case. DiGregorio does not contest that she is a person to whom notice of sale was given as required by ORS 86.764 and ORS 86.774.[5] Nor does she dispute that the sale was conducted by a trustee pursuant to her default on her obligations. Instead, she seeks to undermine a completed trustee's sale based on a single asserted defect in the content of the trustee's notice of sale under ORS 86.771, which she received (and did not challenge) prior to the sale.

Our understanding of ORS 86.797 is also consistent with our recent decision in *Wolf.* In that case, we considered whether a borrower who received notice that his property was being sold at a trustee's sale under the OTDA could later challenge the sale on the grounds that the entity that executed the sale was not a trustee or the agent of a trustee. 276 Or App at 543. The borrower in that case contended that ORS 86.797(1)[6] could not foreclose or terminate his interest in the property because the sale at issue was not conducted by a trustee, as required. *Id.* at 544. Although we acknowledged that the legislature, through ORS 86.797, sought to promote certainty and finality following a sale, we explained that "the participation of a 'trustee' is so fundamental to a 'trustee's sale' that a sale cannot foreclose and terminate an individual's property interest under [ORS 86.797(1)] unless the sale is conducted by an actual trustee." *Id.* at 546. In other words, the provisions of ORS 86.797(1) apply to a "trustee's sale" under the OTDA. Because the statute "applies only to a 'trustee's sale,'" its provisions "cannot preclude a post-sale challenge to the sale of * * * property by someone who was not, in fact, the trustee." *Id.* at 549; *see id.* at 547 ("[I]n the absence of a validly appointed trustee, there is no 'trustee' at all for purposes of the OTDA—and, hence, no 'trustee's sale' with the power to foreclose other persons'

---

[5] More specifically, DiGregorio does not assert that her interest in the property was not foreclosed under ORS 86.797(1) because she was not given "notice of sale * * * under ORS 86.764 and 86.774."

[6] *Wolf* discusses *former* ORS 86.770(1) (2011). As noted above, that statute was renumbered as ORS 86.797(1), and we refer to it by its current numbering.

property interests."); *see also Staffordshire Investments, Inc.*, 209 Or App at 542 (observing that there is nothing in the OTDA "to indicate that the legislature intended the auction to be final in the absence of legal authority to sell the property" (emphasis omitted)). On the other hand, where the fundamental premises of ORS 86.797(1) are satisfied, its provisions apply.[7]

In light of the foregoing, we reject DiGregorio's contention that failure to strictly comply with a single provision of the OTDA (that the trustee's notice of sale list the name of the "beneficiary in the trust deed") renders ORS 86.797 inapplicable and the trustee's sale invalid. Accordingly, the trial court did not err in granting Bayview's motion for summary judgment.

Affirmed.

---

[7] We note that, in support of her argument, DiGregorio also relies on the Supreme Court's decisions in *Brandrup*, 353 Or 668, and *Niday v. GMAC Mortgage, LLC*, 353 Or 648, 302 P3d 444 (2013). However, the discussion in those cases pointed to by DiGregorio is inapposite with respect to the issue presented in this case. Both of those cases dealt with issues in a nonjudicial foreclosure raised during the foreclosure process, not after the trustee's sale had already been completed. They did not interpret ORS 86.797(1). Whether or not the asserted defect in the trustee's notice of sale would have been a proper ground to challenge the nonjudicial foreclosure before completion of the trustee's sale, DiGregorio did not raise her challenge until well after the sale was completed.