**NOT FOR PUBLICATION**

**FILED**

MAY 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROD ESLAMI, | No. 14-35677 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-00837-HA |
| v. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, AKA Fannie Mae; WELLS FARGO BANK, NA, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, District Judge, Presiding

Argued and Submitted May 11, 2017
Portland, Oregon

Before: BYBEE and HURWITZ, Circuit Judges, and ZOUHARY,** District
Judge.

Rod Eslami obtained a home loan from World Savings Bank ("World

Savings") and executed a deed of trust as security. After Eslami defaulted on the

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

loan, the property was sold through non-judicial foreclosure. Sixteen months later, Eslami sued Wells Fargo Bank, N.A., the successor to World Savings, and the Federal National Mortgage Association ("Fannie Mae"), the purchaser or assignee of World Savings' interest in the loan, seeking to quiet title to the property. He alleged that there was no recorded assignment of the deed of trust to Fannie Mae, and therefore the foreclosure sale and resulting deeds were invalid under Or. Rev. Stat. § 86.735(1).[1]

The district court dismissed the complaint for failure to state a claim, finding Eslami's § 86.735(1) claim preempted by the federal Home Owners' Loan Act ("HOLA"), 12 U.S.C. §§ 1461-1470. It therefore did not address the defendants' alternative argument—that Eslami's post-sale claim is barred under Or. Rev. Stat. § 86.770(1). However, we can affirm the district court on any ground supported by the record. *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001). We have jurisdiction under 28 U.S.C. § 1291, and we affirm on the basis of § 86.770(1).

1. Eslami's complaint seeks to invalidate the foreclosure based solely on the failure to record an assignment of the deed of trust. *See* Or. Rev. Stat. § 86.735(1). But, Eslami does not dispute that he was in default or that he received notice of the

---

[1]    All statutory references in this disposition are to the Oregon Revised Statutes in effect in 2012; the relevant statutes were renumbered in 2013. *See* Or. Rev. Stat. §§ 86.752 (renumbering of § 86.735), 86.797 (renumbering of § 86.770).

2

foreclosure. Under § 86.770(1), "a post-sale challenge must be based on lack of notice or on some other fundamental flaw in the foreclosure proceedings, such as the sale being completed without the borrower actually being in default." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1166 (9th Cir. 2016) (citation omitted). Because Eslami alleges only a "technical defect" under the Oregon Trust Deed Act, rather than any "violations of subsections that grant substantive rights," his post-sale claim is barred by § 86.770(1). *Id.*; *see also DiGregorio v. Bayview Loan Servicing, LLC*, 381 P.3d 961, 965-67 (Or. Ct. App. 2016) (holding that Oregon law "does not mandate strict compliance with every provision of the OTDA for a trustee's sale to be valid" and thus "where the fundamental premises of [§ 86.770(1)] are satisfied, its provisions apply").

2. Eslami argues that his request for equitable relief independently states a claim. But, his quiet title claim fails because he cannot prove he retained an interest in the land under § 86.770(1). *See Rohner v. Neville*, 365 P.2d 614, 618 (Or. 1961). The complaint's "formulaic recitation of the elements" of a quiet title action and its assertion that his claim to title is superior to the defendants' claim without "further factual enhancement" do not state a plausible claim to relief. *Woods*, 831 F.3d at 1162.

3. Given our decision, we need not address whether Eslami's claim is preempted under HOLA.

3

**AFFIRMED.**