Argued and submitted November 10, 2005, reversed February 15, 2006

Roy REEVES
and Mary Reeves,
*Respondents,*

*v.*

Sandra Jean RODGERS,
*Appellant.*

C041647EV; A126458

129 P3d 721

Frank Wall argued the cause and filed the briefs for appellant.

Timothy Marble argued the cause for respondents. With him on the brief was Marble Law Office, P.C.

Before Edmonds, Presiding Judge, and Armstrong and Linder, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Plaintiffs filed this Forcible Entry and Detainer (FED) action under the Oregon Residential Landlord Tenant Act (ORLTA), alleging that they were entitled to restitution of residential property in Hillsboro. Defendant answered, denying that she was a tenant of the property and alleging that she held an equitable ownership interest in it. The case went to trial, and the trial court awarded restitution of the premises to plaintiffs. Defendant appeals and raises two issues: (1) "Does the trial court have authority to render judgment on a theory neither presented nor pleaded by the parties?"; and (2) "Does a tenancy at sufferance under ORS 91.040 arise when there has been no fixed term tenancy?" Part of defendant's argument with reference to the first issue is that plaintiffs failed to prove that they properly terminated defendant's month-to-month tenancy by delivering the notice required by ORS 90.427(2). We reverse for the reasons expressed below.

Because the trial court found in favor of plaintiffs at trial, we state the facts in the light most favorable to them. Or Const, Art VII (Amended), § 3; *Jensen v. Medley*, 336 Or 222, 226, 82 P3d 149 (2003). Plaintiffs are defendant's mother and stepfather. Over a 15-year period of time, the parties have invested together in several properties in Oregon and Arizona. In 1994, plaintiffs purchased a house in Hillsboro. Defendant did not contribute monetarily to the purchase. In the fall of 2001, defendant moved into the Hillsboro house pursuant to an oral rental agreement with plaintiffs. Subsequently, defendant failed to pay the agreed-upon rent, and plaintiffs filed this FED action.

Plaintiffs' FED complaint alleged that defendant was a tenant in possession of a dwelling, that plaintiffs were her landlords, that they were entitled to possession after having given a "30-day or 180-day notice without stated cause in a month-to-month tenancy. ORS 90.427(2) or 90.429." In her answer to the complaint, defendant admitted to being in possession of the premises and denied "every other allegation of

the complaint." Defendant also affirmatively alleged, "Defendant is not a tenant. The parties do not have a landlord tenant relationship," and cited *Bunch v. Pearson*, 186 Or App 138, 62 P3d 878, *rev den*, 335 Or 422 (2003).[1]

At trial, plaintiffs offered testimony to support their theory that defendant was a tenant and not an owner of an interest in the house. Plaintiff Roy Reeves testified that, "We just had a verbal agreement, as we had done on some of the other houses she lived in that she would pay us rent," and that the parties had agreed upon a payment of $895.00 per month to cover the mortgage payments, taxes, and insurance on the property. Plaintiff Mary Reeves also testified that defendant rented the property under an oral agreement and had agreed to pay $895.00 per month. Defendant, however, controverted plaintiffs' testimony. She testified that she had not paid rent to plaintiffs because she held an equitable interest in the property. Although the deed to the house was in plaintiffs' names, defendant claimed that she had been told verbally by plaintiffs that she owned an interest in the house as the result of a transfer of her equity from other properties owned together by the parties.

At the end of the testimony, plaintiffs' counsel argued that defendant was a month-to-month tenant and that she had no equitable interest in the property. Defendant's counsel argued in part that

> "this is filed not as a tenancy of will or tenancy of sufferance, but as a residential tenancy under Chapter 90. There's been no testimony or evidence here regarding delivery of a 30-day notice and on that basis alone, the defendant would be entitled to dismissal."

The trial court was unpersuaded by defendant's argument. In a general judgment, it ruled that "[d]efendant has no ownership interest, whether legal or equitable, in the property[.]" It also ruled that "[d]efendant is a tenant at sufferance" and that "[p]laintiffs, the lawful owners of the real

---

[1] In *Bunch*, we held that the trial court in that case did not have the authority in an FED action to award possession to the plaintiff because title to the property was in dispute.

property, are entitled to full possession, free and clear of any interest in defendant * * *."

██  By denying in her answer plaintiffs' allegation that they had delivered a 30-day eviction notice to defendant, defendant put into issue whether delivery of notice had occurred, and the burden of proving that fact was on plaintiffs. Plaintiffs sought to introduce through plaintiff Roy Reeves evidence that they had sent defendant a valid termination notice. However, defendant objected to that testimony on hearsay grounds, because Reeves had no personal information as to how the notice was delivered or served, and knew only that he had intended the notice to be served. The trial court sustained defendant's objection, and plaintiffs offered no other evidence on the issue of the *delivery* of the notice. Therefore, plaintiffs never carried their burden of proof on the issue whether they delivered the requisite notice to defendant as they allege and as ORS 90.427(2) requires.[2] Consequently, the trial court erred by not dismissing plaintiffs' FED claim as defendant argued.

The absence of evidence of notice to defendant may have led the trial court to deem defendant a tenant at sufferance. ORS 91.040 defines a tenant at sufferance as "[o]ne who comes into possession of the real estate of another lawfully, but who holds over by wrong after the termination of the term" and provides that "[n]o notice is required to terminate a tenancy at sufferance." ORS 105.115(2)(a)(B) contemplates using an FED action to evict a tenant at sufferance by providing that, "[w]hen a rental agreement by its terms has expired and has not been renewed," it is a "cause[ ] of unlawful holding by force." Furthermore, ORS 105.115(2)(b) provides that a landlord may file an FED action after the expiration of a rental agreement for a fixed-term tenancy, and does not require any notice in such an instance. Thus, if defendant were a tenant at sufferance, no notice would have been required to terminate her lease, and the absence of evidence

_____

[2] ORS 90.427(2) provides:

"The landlord or the tenant may terminate a month-to-month tenancy by giving to the other, at any time during the tenancy, not less than 30 days' notice in writing prior to the date designated in the notice for the termination of the tenancy."

in the record of such notice would not be a barrier to granting plaintiffs the relief that they sought.

However, the reason that notice is not necessary to terminate a tenancy at sufferance is that the rental agreement between the parties has already expired by its terms. In this case, there is no evidence in the record that the oral rental agreement between plaintiffs and defendant was terminated by its own terms or otherwise. In short, the predicate factual findings necessary to support the trial court's judgment for plaintiffs are not supported by any evidence in the record. Thus, the trial court erred in awarding possession of the subject property to plaintiffs in their FED action. *See Teresi v. Gina Belmonte Corp.*, 31 Or App 1231, 1235-36, 572 P2d 647 (1977).[3]

Reversed.

---

[3] ORCP 23 B states, in part, that

"[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues."

Plaintiffs argue in their brief that, under ORCP 23 B, "[d]efendant impliedly, if not expressly, consented to trial on the issue of 'tenancy at sufferance' when she made her interest in the subject property an issue, both in the pleadings and at trial." We are not persuaded by that argument in light of the fact that, in their complaint and at trial, plaintiffs maintained that defendant held a month-to-month tenancy in the premises, and defendant denied that assertion. Neither plaintiffs nor defendant tried this case on a theory of tenancy at sufferance. Defendant's motion at the end of trial, as quoted above, put directly into issue whether plaintiffs had proved delivery of proper notice as required for a month-to-month tenancy.