Argued and submitted January 21, 2015, reversed and remanded
February 18, 2016

Matthew F. WOLF,
*Plaintiff-Appellant,*

*v.*

GMAC MORTGAGE, LLC,
*Defendant-Respondent.*

Yamhill County Circuit Court
CV120134

GMAC MORTGAGE, LLC,
*Plaintiff-Respondent,*

*v.*

Matthew F. WOLF,
*Defendant-Appellant.*

Yamhill County Circuit Court
110021032E

A154115

370 P3d 1254

Thomas Cutler argued the cause for appellant. With
him on the brief were Ronald R. Heard and Harris Berne
Christensen LLP.

Emilie K. Edling argued the cause for respondent. With her on the brief were Houser & Allison, APC, and William G. Fig and Sussman Shank LLP.

Before Lagesen, Presiding Judge, and Flynn, Judge, and De Muniz, Senior Judge.

FLYNN, J.

**FLYNN, J.**

This case presents an appeal from judgments in actions that were consolidated below. It requires us to determine whether a borrower who has actual notice that his property is being sold at a trustee's sale under the Oregon Trust Deeds Act (OTDA),[1] is barred from later challenging the sale on the grounds that the entity that executed the sale was neither a validly appointed successor trustee nor the agent of a trustee. We conclude that a person's property interest under *former* ORS 86.770(1) (2011), *renumbered as* ORS 86.797 (2013), cannot be terminated unless a "trustee" as defined in the OTDA executed the sale. Because the trial court erred in construing *former* ORS 86.770(1) (2011) as prohibiting all post-sale challenges by those with actual notice of the sale, we reverse and remand.

## BACKGROUND

Following a trustee's sale at which GMAC Mortgage, LLC (GMAC) purchased real property that Matthew Wolf had used as security for a loan obligation, GMAC filed an action against Wolf for forcible entry and detainer (FED) to recover the property. Wolf filed a separate action for declaratory relief that Wolf owns the property free of any interest claimed by GMAC, alleging that multiple violations of the OTDA, including that the sale was not conducted by a "trustee" within the meaning of the act, made the sale invalid. After the two actions were consolidated for trial, GMAC filed a motion for summary judgment on Wolf's declaratory claims. In moving for summary judgment, GMAC did not challenge Wolf's ability to prove any of the facts alleged in his complaint, but argued that *former* ORS 86.770(1) (2011)

---

[1] As the Supreme Court has explained:

"The OTDA * * * was enacted in 1959 to provide an alternative to the judicial foreclosure process. Ronald Brady Tipperts, *Note, Mortages—Trust Deeds in Oregon*, 44 Or L Rev 149, 149-50 (1965). That nonjudicial alternative is available when the parties use a trust deed to secure the loan. A trust deed is a deed executed under the OTDA that 'conveys an interest in real property to a trustee in trust to secure the performance of an obligation the grantor or other person named in the deed owes to a beneficiary.' ORS 86.705(7). The OTDA permits the trustee appointed under a trust deed to advertise and sell the property to the highest bidder without judicial involvement. ORS 86.710; [*former*] ORS 86.755 [(2011), *renumbered as* ORS 86.782 (2013)]."

*Brandrup v. ReconTrust Co.*, 353 Or 668, 676, 303 P3d 301 (2013).

operated to foreclose and terminate Wolf's property interest after the trustee's sale, regardless of legal deficiencies in the sale, based on the undisputed facts that the property was sold at a trustee's sale, that Wolf had actual notice months before the sale, and that he took no action to delay or stop the sale. The trial court agreed, granted GMAC's motion for summary judgment, and entered a limited judgment in GMAC's favor in the declaratory action. In addition, the parties agreed that the court's construction of the statute disposed of the FED dispute, and the court entered a stipulated general judgment of restitution in favor of GMAC on the FED action. The stipulated judgment expressly preserves Wolf's right to appeal to challenge the court's construction of *former* ORS 86.770(1) (2011), and Wolf filed timely notices of appeal from both the limited judgment and the stipulated general judgment.

## DISCUSSION

Wolf argues that *former* ORS 86.770(1) (2011) did not foreclose or terminate his interest in the property because, among other problems, the trustee's sale at which GMAC purchased the property was not conducted by someone who qualified as a "trustee." The trial court did not address—and we do not reach—the merits of Wolf's premise that the sale was not conducted by a "trustee," but we briefly explain the basis for that argument to provide context for the arguments raised in the summary judgment motion.

Wolf borrowed $168,000, for which he executed a note that was secured by a trust deed on property located in Newberg, Oregon. The lender named Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary in the trust deed, and MERS appointed LSI Title Company (LSI) as "successor trustee." In June 2010, LSI executed a notice of default and election to sell the property, which were personally served on Wolf and recorded in Yamhill County. On April 1, 2011, LSI sold the property to GMAC. GMAC's action to recover the property from Wolf, and Wolf's declaratory action, followed.

Wolf argues that MERS was neither the trustee of the trust deed secured by Wolf's property nor a beneficiary

authorized to appoint a successor trustee and, therefore, lacked authority to foreclose on the deed by the OTDA mechanism of a trustee sale. He also argues that MERS lacked authority to appoint LSI as a "successor trustee" to execute the sale. He relies on the Supreme Court's decisions in *Brandrup v. ReconTrust Co.*, 353 Or 668, 688, 303 P3d 301 (2013), and *Niday v. GMAC Mortgage, LLC*, 353 Or 648, 658, 302 P3d 444 (2013), which upheld similar challenges to MERS's authority.

On appeal, GMAC argues that, regardless of any violations of OTDA provisions, *former* ORS 86.770(1) (2011) prevents Wolf from raising his challenge to the validity of the sale, because the legislature intended trustees' sales to terminate the property interest of persons to whom notice of the sale was given, in order to promote the interests of certainty and finality.[2]

The parties' arguments require us to determine the legislature's intention in enacting the statute, and we do so by applying the framework for statutory construction set forth in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), *as modified by State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). Under that framework, we first examine the text of the statute and its context. *Gaines*, 346 Or at 171. If useful, we also may consider the statute's legislative history. *Id.* at 171-73.

*Former* ORS 86.770(1) (2011) provides:

"If, under ORS 86.705 to 86.795, a trustee sells property covered by a trust deed, the trustee's sale forecloses and terminates the interest in the property that belongs to a person to which notice of the sale was given under ORS 86.740 and 86.750 or to a person that claims an interest by, through or under the person to which notice was given. A person whose interest the trustee's sale foreclosed and terminated may not redeem the property from the purchaser at the trustee's sale. A failure to give notice to a person entitled to notice does not affect the validity of the sale as to persons that were notified."

---

[2] Although GMAC argues that the record is "devoid of any evidence regarding who appointed the foreclosing trustee," GMAC's motion for summary judgment was not based on failure of plaintiff's proof but, rather, on the ground that *former* ORS 86.770(1) (2011) precluded such proof as a matter of law.

Wolf argues that the words "under ORS 86.705 to 86.795" require the trustee's sale to be conducted pursuant to and in accordance with all the provisions of the OTDA. In other words, a failure to strictly comply with one or more provisions of the OTDA, Wolf argues, renders *former* ORS 86.770(1) (2011) inapplicable and the trustee's sale invalid. GMAC responds that the statute does not mandate strict compliance with every provision of the OTDA in order for a trustee's sale to be valid.

We need not resolve, however, whether *former* ORS 86.770(1) (2011) requires strict compliance with every provision of the OTDA before a person's property interests will be terminated by a trustee's sale.[3] The trial court construed *former* ORS 86.770(1) (2011) to preclude every form of post-sale challenge raised by Wolf, and granted summary judgment on that basis. Our conclusion that the trial court erroneously construed the scope of *former* ORS 86.770(1) (2011) requires us to reverse the grant of summary judgment.

We conclude that the participation of a "trustee" is so fundamental to a "trustee's sale" that a sale cannot foreclose and terminate an individual's property interest under *former* ORS 86.770(1) (2011) unless that sale is conducted by an actual trustee. The statute's text, read in context, supports that conclusion. The phrase, "[i]f, under ORS 86.705 to 86.795, a *trustee* sells property covered by a trust deed," when read in light of the OTDA as a whole, can refer only to a sale conducted by the trustee. *Former* ORS 86.770(1) (2011) (emphasis added). The OTDA defines a "trustee" in terms of a legal relationship: For purposes of the OTDA, "'[t]rustee' means a person, other than the beneficiary, *to whom a trust deed conveys an interest in real property*, or the person's successor in interest." *Former* ORS 86.705(8) (2011), *renumbered as* ORS 86.705(9) (2013) (emphasis added). Thus, the "trustee" under the OTDA is a creature of statute with a defined legal

---

[3] In addition to alleging that no valid "trustee" conducted the sale, the complaint alleged other violations of the OTDA, such as the failure to record certain assignments of the note and trust deed, *see former* ORS 86.735(1) (2011), *renumbered as* ORS 86.752(1) (2013); defects in required affidavits under *former* ORS 86.750(3) (2011), *renumbered as* ORS 86.774(3) (2013); *former* ORS 86.750(4) (2011), *renumbered as* ORS 86.774(4) (2013); and improper payment procedures at the time of sale, *see former* ORS 86.755(1) (2011), *renumbered as* ORS 86.782(1) (2013); *former* ORS 86.755(3) (2011), *renumbered as* ORS 86.782(3) (2013).

relationship to the beneficiary of the trust deed and to the real property in which the trust deed secures an interest.

The power of sale under the OTDA is likewise conferred by statute—and, importantly, is conferred only upon a trustee. *See* ORS 86.710 (where transfer in trust of an interest in real property is made pursuant to provisions of the OTDA, power of sale is conferred only upon "the trustee"); *see also former* ORS 86.790(3) (2011), *renumbered as* ORS 86.713 (2013) (stating that the beneficiary may appoint in writing a "successor trustee"); ORS 86.735 (2011), *amended by* Or Laws 2013, ch 304, § 10; Or Laws 2013, ch 625, § 4, *renumbered as* ORS 86.752 (2013) (authorizing "[t]he trustee" to foreclose a trust deed by advertisement and sale only if certain requirements are met). In other words, in the absence of a validly appointed trustee, there is no "trustee" at all for purposes of the OTDA—and, hence, no "trustee's sale" with the power to foreclose other persons' property interests.

GMAC urges us to look for context to *former* ORS 86.780 (2011), *renumbered as* ORS 86.803 (2013), under which a "statutory presumption of finality" arises when a trustee's deed is issued and recorded. *See Staffordshire Investments, Inc. v. Cal-Western,* 209 Or App 528, 543, 149 P3d 150 (2006), *rev den,* 342 Or 727 (2007). According to GMAC, that context demonstrates the legislature's intention that *former* ORS 86.770(1) (2011) should bar post-sale challenges. We conclude that the statute suggests the opposite intention. The presumption that arises under *former* ORS 86.780 (2011) is merely a rebuttable presumption if the purchaser is not a bona fide purchaser (BFP). That statute provides that the recitals contained within the deed "shall be prima facie evidence in any court of the truth of the matters set forth therein" but "shall be conclusive in favor of a purchaser for value in good faith relying upon them." *Former* ORS 86.780 (2011). Thus, if the purchaser is *not* a BFP, the statute provides only a rebuttable presumption. *See* OEC 311(2) ("A statute providing that a fact or a group of facts is prima facie evidence of another fact establishes a presumption * * *."); OEC 308 ("In civil actions and proceedings, a presumption imposes on the party against whom it is directed the burden of proving that the nonexistence of the

presumed fact is more probable than its existence."). The existence of a *rebuttable* presumption suggests that the legislature, in fact, contemplated challenges to the *prima facie* evidence contained in the trustee's deed, if not the validity of the trustee's deed itself.

GMAC also argues that the legislative history emphasizes certainty and finality in foreclosure proceedings as the major public policy consideration and that allowing post-sale challenges like Wolf's challenge here "would gut the purpose of the OTDA." However, we emphasized in *Staffordshire* that "there is nothing * * * in the Act, to indicate that the legislature intended the auction to be final *in the absence of legal authority to sell the property.*" 209 Or App at 542 (emphasis in original). We examined the underlying purpose behind the OTDA's statutory framework and explained:

> "The [OTDA] represents a well-coordinated statutory scheme to protect grantors from the unauthorized foreclosure and wrongful sale of property, while at the same time providing creditors with a quick and efficient remedy against a defaulting grantor * * *. [I]t confers upon a trustee the power to sell property securing an obligation under a trust deed in the event of default, without the necessity for judicial action. However, the trustee's power of sale is subject to strict rules designed to protect the grantor, including provisions relating to notice and reinstatement."

*Id.*

As our discussion in *Staffordshire* demonstrates, the OTDA represents a balance of interests. Although the legislature intended to provide finality, it also intended to protect grantors from the unauthorized foreclosure and wrongful sale of property. Construing *former* ORS 86.770(1) (2011) to treat as final a sale conducted by one who is not a trustee would run afoul of the "strict rules" and "well-coordinated statutory scheme" that the legislature established for nonjudicial foreclosure. *See Staffordshire*, 209 Or App at 542. We conclude that the legislature, by referring in *former* ORS 86.770(1) (2011) to a sale by a "trustee," intended beneficiaries of trust deeds to have a quick, efficient, and final remedy through nonjudicial foreclosure, but only in the

case of a true "trustee's sale"—*i.e.*, a sale by a "trustee," as defined in ORS 86.705.[4]

Because *former* ORS 86.770(1) (2011) applies only to a "trustee's sale," it cannot preclude a post-sale challenge to the sale of Wolf's property by someone who was not, in fact, the trustee, which is what Wolf alleged—and GMAC did not dispute on summary judgment—happened here. We, thus, conclude that the trial court erred in granting summary judgment based solely on the ground that Wolf had actual notice of the trustee's sale and took no action to delay or stop it prior to the sale. The trial court's error in construing *former* ORS 86.770(1) (2011) requires reversal on this record.

Reversed and remanded.

---

[4] GMAC relies on a federal district court case that predicted that the Oregon appellate courts would conclude that a borrower who received pre-sale notice of a trustee's sale cannot mount a post-sale challenge to the validity of the sale, pursuant to *former* ORS 86.770(1) (2011). *Mikityuk v. Northwest Trustee Services, Inc.*, 952 F Supp 2d 958, 962-70 (D Or 2013). The federal district court's decision is helpful only to the extent that its analysis is persuasive, and, for the reasons described above, we are not persuaded by *Mikityuk*'s interpretation of the legislature's intention.