239

Argued and submitted May 4, reversed June 29, 2016

BANK OF AMERICA, N.A.,
*Plaintiff-Respondent,*
*v.*

William B. PAYNE,
*Defendant-Appellant,*
*and*

ALL OCCUPANTS OF
7922 SOUTHEAST 76TH PLACE,
PORTLAND, OR 97206,
*Defendants.*

Multnomah County Circuit Court
130009168E; A155236

379 P3d 816

Harry D. Ainsworth filed the brief for appellant.

Nathan F. Smith argued the cause for respondent. With him on the brief was Malcolm Cisneros, A Law Corporation.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

## DUNCAN, P. J.

In this forcible entry and detainer (FED) action, defendant appeals a judgment that awarded restitution of the premises to plaintiff, after the trial court found that plaintiff had proved that it was a "purchaser" of a trustee's deed to the premises pursuant to a provision of the Oregon Trust Deed Act (OTDA), *former* ORS 86.755(6) (2011), *renumbered as* ORS 86.782(6) (2013). On appeal, defendant argues that the trial court erred in determining that plaintiff was a purchaser entitled to possession, because there is no evidence in the record that the sale of the property was conducted by a validly appointed trustee for purposes of the OTDA. In light of our recent decision in *Wolf v. GMAC Mortgage, LLC*, 276 Or App 541, 370 P3d 1254 (2016), we agree with defendant and reverse the judgment.

A detailed recitation of the facts, which we view in the light most favorable to plaintiff, *see Reeves v. Rodgers*, 204 Or App 281, 283, 129 P3d 721 (2006) (stating the facts in the light most favorable to the prevailing party after an FED trial), would not benefit the parties, the bench, the bar, or the public. In short, this is another case resulting from the nonjudicial foreclosure of a trust deed that named Mortgage Electronic Registration Systems, Inc. (MERS), rather than the lender, as the beneficiary of the security instrument. *See Brandrup v. ReconTrust Co.*, 353 Or 668, 680-89, 303 P3d 301 (2013) (describing that practice); *Niday v. GMAC Mortgage, LLC*, 353 Or 648, 658, 302 P3d 444 (2013) (addressing the same practice). The trust deed in this case was granted by defendant and conveyed an interest in property located at 7922 Southeast 76th Place in Portland, Oregon; in addition to naming MERS as the beneficiary, the trust deed named Plaza Home Mortgage, Inc., as the lender and Security Title Guaranty as the trustee. Plaintiff, in its FED complaint, claimed a right to possession of that premises on the ground that it had purchased the property at a trustee's sale conducted by ReconTrust Company, N.A. (ReconTrust). *See former* ORS 86.755(6) (2011) (explaining when a purchaser at a trustee's sale is entitled to use the FED process).

Defendant, who remained in possession of the premises, filed an answer in which he responded that plaintiff

was not, in fact, a "purchaser" for purposes of *former* ORS 86.755(6) (2011), because, among other things, "there were unrecorded assignments of interest" and "assignments were made by entities with no interest." At the FED trial, defendant pointed out, more specifically, plaintiff's failure to prove the necessary links to explain how MERS had any authority to transfer a beneficial interest under the trust deed to plaintiff, or that plaintiff, in turn, had any authority as a beneficiary to appoint ReconTrust as the successor trustee.[1]

Plaintiff, meanwhile, argued that the trustee's deed was, by itself, sufficient to prove plaintiff's status as a "purchaser" at a trustee's sale, notwithstanding the so-called MERS problem. The court agreed with plaintiff's view of the foreclosure and FED statutes, ruling in plaintiff's favor at the hearing and later entering a judgment that plaintiff is "entitled to possession of the premises located at 7922 SE 76th Place, Portland, OR 97206 after purchasing said premises at a trustee's sale on September 14, 2010."

Defendant appeals that judgment and argues that the trial court erred in finding that plaintiff was a "purchaser" within the meaning of the OTDA in light of the fact that there is no evidence in the record that MERS had any authority to appoint plaintiff as beneficiary of the trust deed or that ReconTrust "is a duly appointed successor trustee." Plaintiff responds that *former* ORS 86.770 (2011), *renumbered as* ORS 86.797 (2013) (concerning the effect of

---

[1] Defendant argued:

"The next document that we have is, it's Exhibit 5 and it's an assignment of the deed of trust and that is executed by MERS in its role as holder of the deed of trust. But we—we know that MERS is not the holder of the deed of trust.

"And so MERS transferred their interest, if any, by the document labeled as Exhibit 5 and to BAC Home Loan Servicing. But—but what we know is—is that MERS is not the proper beneficiary and so MERS had no authority.

"We have nothing before the Court that shows what MERS' role was, who they were acting for, whether the authority is sufficient. And then following that, we have Exhibit 4, which is an appointment of successor trustee.

"And the appointment of successor trustee is signed by [plaintiff], who claims to be a successor by merger to BAC Home Loans. And that appointment of successor of trustee purports to assign ReconTrust, which is the—the current trust—person who conducted the sale or the company that conducted the sale."

a trustee's sale) and *former* ORS 86.780 (2011), *renumbered as* ORS 86.803 (2013) (providing that recitals in a recorded trustee's deed are *prima facie* evidence of the truth of the matters set forth therein), operate to bar defendant's post-sale challenges, and that there is no evidence in the record that plaintiff was *not* the beneficiary of the trust deed.

After the parties filed their respective briefs in this action, but before oral argument, we decided *Wolf*, 276 Or App 541, which controls our resolution of the issues before us. In that case, Wolf had granted a trust deed that named MERS as the beneficiary. GMAC Mortgage, LLC, (GMAC) claimed a right to possession of the property secured by that trust deed after purchasing the property at a trustee's sale conducted by LSI Title Company (LSI). In his appeal from adverse judgments in FED and declaratory judgment actions, Wolf argued that "MERS was neither the trustee of the trust deed secured by Wolf's property nor a beneficiary authorized to appoint a successor trustee and, therefore, lacked authority to foreclose on the deed by the OTDA mechanism of a trustee sale." *Id.* at 544-45. He further argued that "MERS lacked authority to appoint LSI as a 'successor trustee' to execute the sale." GMAC responded, much like plaintiff in this case, that "*former* ORS 86.770(1) (2011) prevents Wolf from raising his challenge to the validity of the sale, because the legislature intended trustees' sales to terminate the property interest of persons to whom notice of the sale was given, in order to promote the interests of certainty and finality." *Id.* at 545. As context for that statutory construction argument, GMAC relied on the "statutory presumption of finality" that arises under *former* ORS 86.780 (2011).

We ultimately agreed with Wolf, explaining that "the participation of a 'trustee' is so fundamental to a 'trustee's sale' that a sale cannot foreclose and terminate an individual's property interest under *former* ORS 86.770(1) (2011) unless that sale is conducted by an actual trustee." *Id.* at 546. Thus, "in the absence of *a validly appointed trustee*, there is no 'trustee' at all for purposes of the OTDA—and, hence, no 'trustee's sale' with the power to foreclose other persons' property interests." *Id.* at 547 (emphasis added). In reaching that conclusion, we expressly rejected GMAC's

argument that the legislature, in enacting *former* ORS 86.770(1) (2011) and *former* ORS 86.780 (2011), had intended to preclude post-sale challenges. *Id.* at 547-49.

Because of the procedural posture of *Wolf*—the court had granted summary judgment based solely on the ground that Wolf had notice of the trustee's sale and took no action to stop it—we did not address the sufficiency of the evidence regarding the validity of LSI's appointment as successor trustee. Rather, we assumed at that stage in the proceeding that LSI was not a validly appointed trustee:

> "Because *former* ORS 86.770(1) (2011) applies only to a 'trustee's sale,' it cannot preclude a post-sale challenge to the sale of Wolf's property by someone who was not, in fact, the trustee, which is what Wolf alleged—and GMAC did not dispute on summary judgment—happened here."

*Id.* at 549.

Although the procedural posture of this case differs from *Wolf*, the governing principle is the same: "[I]n the absence of a validly appointed trustee, there is no 'trustee' at all for purposes of the OTDA—and, hence, no 'trustee's sale' with the power to foreclose other persons' property interests." *Id.* at 547. On this record, there is no evidence to support a finding that ReconTrust was a validly appointed trustee with the power to foreclose defendant's interests.[2]

Under *former* ORS 86.790(3) (2011), *renumbered as* ORS 86.713 (2013), "[a]t any time after a trust deed is executed, the beneficiary may appoint in writing another qualified trustee. If the appointment of the successor trustee is recorded in the mortgage records of the county or counties in which the trust deed is recorded, the successor trustee shall be vested with all the powers of the original trustee." The only evidence that ReconTrust was appointed as successor trustee is Exhibit 4, which is a document entitled "Appointment of Successor Trustee." That document recites that plaintiff appointed ReconTrust, but, as defendant

---

[2] At oral argument, plaintiff suggested that *Wolf* was perhaps distinguishable because it involved a declaratory judgment action in addition to an FED action. We do not see any principled reason for that distinction between types of post-sale challenges to the validity of the appointment of a trustee, and plaintiff has not advanced one.

points out, there is no evidence in the record that plaintiff was a beneficiary with authority to make that appointment.

The only evidence in the record concerning plaintiff's status as a beneficiary is Exhibit 5, a document entitled "Assignment of Deed of Trust," which was executed by MERS, not the actual beneficiary of the original trust deed. Moreover, there is no evidence that MERS was acting as the agent of the beneficiary. *See Federal National Mortgage Association v. Goodrich*, 275 Or App 77, 88, 364 P3d 696 (2015) (explaining that the "bare assertion" that MERS was acting as the agent of the beneficiary is not evidence of that fact, and noting that the record in that case (and in *Brandrup*) did not include the agreement between MERS and its members or any separate agreement that would manifest the requisite agency relationship).[3]

Thus, the record before the trial court did not permit a determination that plaintiff was the "purchaser" at a valid trustee's sale, and the court erred in concluding otherwise. Accordingly, we reverse the trial court's judgment that plaintiff was entitled to restitution of the premises.[4]

Reversed.

---

[3] Nor is there any evidence that plaintiff was the owner or "holder" of the underlying note when it appointed ReconTrust as successor trustee, and the note itself is not in the record. *Cf. Niday*, 353 Or at 665 ("If the note is negotiable, it is possible that [GMAC Mortgage, LLC (GMACM)] is a successor to the original lender's interests or that both Aurora Bank and GMACM share that role; however, neither the record nor the parties' arguments establish those matters beyond genuine dispute."); *id.* at 665 n 8 ("If a note is negotiable, the 'party entitled to enforce the note' (the "PETE") under ORS 73.0301 may not be the same person as the owner of the note, that is, the party entitled to the economic benefits of the note. Because a mortgage or trust deed follows the note that it secures, the potential separation of ownership and PETE status raises the question of whether a lender's successor—that is, the beneficiary—must be the owner, the PETE, or both? Most courts that have thus far addressed the issue have concluded that PETE status, not ownership, confers the right to foreclose. Because the parties have not addressed the issue, we do not discuss it further here." (Internal citations omitted.)).

[4] Although plaintiff argues that the recitals in the trustee's deed are *prima facie* evidence of their truth, it does not identify any specific recitals that concern the appointment of the successor trustee, let alone recitals that would be sufficient to support a finding that ReconTrust was validly appointed in light of the countervailing evidence regarding the assignment by MERS and consequent appointment by plaintiff.