**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEE W. MORRIS and DOROTHY J. MORRIS, individuals, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> NORTHWEST TRUSTEE SERVICES, INC., a Washington state profit corporation; JPMORGAN CHASE BANK, N.A., a nationally chartered bank and by purchase aka WASHINGTON MUTUAL BANK, FA, a federal savings bank, <br><br> Defendants - Appellees. | No. 14-35962 <br><br> D.C. No. 3:12-cv-01183-SI <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael Simon, District Judge, Presiding

Argued and Submitted May 8, 2017
Portland, Oregon

Before: BYBEE and HURWITZ, Circuit Judges, and RAKOFF,[**] Senior District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Plaintiffs-Appellants Lee and Dorothy Morris appeal from the district court's summary judgment in favor of Defendants-Appellees Northwest Trustee Services, Inc. and JPMorgan Chase Bank, N.A. In light of recent decisions by this Court and the Oregon Court of Appeals bearing on the question of statutory construction that this appeal raises, we vacate the decision and remand the case to the district court.

In 2008, Appellants defaulted on a loan used to purchase their home, which was secured by a deed of trust. They were served with a notice of foreclosure, and their home was sold at a non-judicial foreclosure sale on January 11, 2012. Thereafter, Appellants brought this action challenging the validity of the sale under the Oregon Trust Deed Act ("OTDA"), which governs the non-judicial foreclosure and sale of property by a trustee. The district court concluded that, because appellants had notice of the sale and raised their challenge only after the sale was completed, their challenge was barred by the OTDA. *See* Or. Rev. Stat. § 86.797(1) (providing that "[i]f, under [the provisions of the OTDA], a trustee sells property covered by a trust deed, the trustee's sale forecloses and terminates the interest in the property that belongs to a person to which notice of the sale was given").[1]

---

[1] Before the renumbering of several provisions of the OTDA in 2013, this section was numbered Or. Rev. Stat. § 86.770. We refer to it by its current citation.

Since the district court rendered its decision, we have decided that a post-sale challenge is not barred by Or. Rev. Stat. § 86.797(1) if, and only if, it is "based on lack of notice or some other fundamental flaw in the foreclosure proceedings, such as the sale being completed without the borrower actually being in default." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1166 (9th Cir. 2016) (citation omitted). In addition, the Oregon Court of Appeals recently held that "the participation of a 'trustee' is so fundamental to a 'trustee's sale'" that Or. Rev. Stat. § 86.797(1) does not bar a post-sale challenge alleging that the sale of property was not conducted by a trustee. *Wolf v. GMAC Mortg., LLC*, 370 P.3d 1254, 1256 (Or. Ct. App. 2016); *see also Bank of Am. v. Payne*, 379 P.3d 816, 819 (Or. Ct. App. 2016) (adopting *Wolf*'s holding); *DiGregorio v. Bayview Loan Servicing, LLC*, 381 P.3d 961, 965-67 (Or. Ct. App. 2016) (holding that Or. Rev. Stat. § 86.797 "does not mandate strict compliance with every provision of the OTDA for a trustee's sale to be valid," but re-affirming *Wolf*'s holding).

We therefore vacate the decision below and remand the case to the district court, which should re-evaluate, in light of the decisions in *Woods*, *Wolf*, *Payne*, and *DiGregorio*, whether Or. Rev. Stat. § 86.797 bars Appellants' challenge to the validity of the sale of their home.

**VACATED AND REMANDED.**

3