Argued and submitted May 11, 2016, reversed July 26, 2017

**FEDERAL HOME LOAN MORTAGE CORP.,**
*Plaintiff-Respondent,*

*v.*

**Roger W. SMITH, and all others,**
*Defendant-Appellant.*

Washington County Circuit Court
C130656EV; A154287

400 P3d 1009

Ronald R. Heard argued the cause for appellant. With him on the brief was Thomas Cutler.

John Thomas argued the cause for respondent. With him on the brief was RCO Legal, P. S.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

**GARRETT, J.**

This case is yet another in a series of lawsuits pertaining to the nonjudicial foreclosure of trust deeds naming Mortgage Electronic Registration Systems, Inc. (MERS), rather than the lender, as the beneficiary, and purporting to authorize MERS to exercise the rights of the lender. Because there is no evidence in the record that a valid foreclosure sale was conducted by a duly appointed "trustee" within the meaning of the Oregon Trust Deed Act (OTDA), and in light of our decisions in *Wolf v. GMAC Mortgage, LLC*, 276 Or App 541, 370 P3d 1254 (2016), and *Bank of America, N.A. v. Payne*, 279 Or App 239, 379 P3d 816 (2016), we agree with defendant that the trial court erred when it determined that plaintiff was entitled to possession of the premises. Accordingly, we reverse.

The facts pertinent to this appeal are not in dispute. Defendant took out a loan from Edgewater Lending Group Inc. (Edgewater) that was secured by a trust deed for real property located in Beaverton. The trust deed identified MERS as the beneficiary, acting "solely as nominee" for the lender, Edgewater, and listed Pacific Northwest Title as the trustee.

On July 13, 2010, MERS executed an "Assignment of Deed of Trust" which purported to assign "all beneficial interest" under the trust deed to BAC Home Loans Servicing, LP (BAC). On that same date, BAC, acting as "the present beneficiary" under the trust deed, appointed ReconTrust Company, N.A. (ReconTrust) as "successor trustee." Defendant subsequently defaulted on his loan obligation, and ReconTrust issued a "Notice of Default and Election to Sell" the Beaverton property. ReconTrust then conducted a sale at which plaintiff, Federal Home Loan Mortgage Corporation, was the highest bidder. ReconTrust executed a trustee's deed conveying the property to plaintiff.

Plaintiff brought the underlying forcible entry and detainer (FED) action against defendant for possession of the property. Defendant, who appeared *pro se*, responded that plaintiff was not entitled to possession because the foreclosure was "invalid." Citing our opinion in *Niday*

*v. GMAC Mortgage, LLC*, 251 Or App 278, 284 P3d 1157 (2012), *aff'd*, 353 Or 648, 302 P3d 444 (2013), defendant argued that MERS was not a valid trust deed beneficiary under the OTDA, and that, consequently, its July 13, 2010, assignment of the trust deed to BAC was also invalid. Defendant further argued that there was no evidence that Edgewater, the lender and true beneficiary under the trust deed, had ever assigned its interest to BAC. Thus, defendant contended that there were "missing assignments" of the trust deed and that the ensuing sale—which was conducted by ReconTrust, the "successor trustee" appointed by BAC—was unlawful.

The trial court ruled in favor of plaintiff, explaining that "the MERS issue, even though it's a compelling one, doesn't control what happened in this case and I do find that *** [plaintiff] has proven [its] case." The trial court then entered a judgment awarding restitution of the premises to plaintiff.

Shortly after the conclusion of defendant's FED trial, the Supreme Court issued its decisions in *Brandrup v. ReconTrust Co.*, 353 Or 668, 303 P3d 301 (2013), and *Niday*, 353 Or 648, explaining that, for purposes of the OTDA, "the only pertinent interests in the trust deed are the beneficial interest of the beneficiary and the legal interest of the trustee." *Brandrup*, 353 Or at 675. Because MERS holds neither of those interests "as nominee for the lender," the court held that MERS cannot hold or transfer legal title to a trust deed unless it can demonstrate an agency relationship with the beneficiary. *Id.*; *see also Niday*, 353 Or at 664 (it is possible for MERS to act as an agent where it can be demonstrated that MERS "has an agency relationship with the beneficiary and that the agency agreement is sufficiently expansive").

Here, defendant appeals the judgment of restitution in favor of plaintiff, arguing that the trial court erred in concluding that the "MERS issue" was not controlling given the absence of evidence in the record that MERS had any authority to assign the trust deed to BAC, or that BAC could lawfully appoint ReconTrust as "successor trustee." *See* ORS 86.713(3) (stating that, "[a]t any time after a trust

deed is executed, *the beneficiary* may appoint" a successor trustee (emphasis added)).[1] Defendant thus contends that, because power of sale under the OTDA is conferred only upon a "trustee," and in the absence of any evidence that ReconTrust was a validly appointed "trustee," no "trustee's sale" ever occurred. Plaintiff responds that ORS 86.797 conclusively terminates a borrower's interest in a property where the borrower receives notice of the sale and fails to take action before the sale takes place. *See* ORS 86.797(1) ("If, under ORS 86.705 to 86.815, a trustee sells property covered by a trust deed, the trustee's sale forecloses and terminates the interest in the property that belongs to a person to which notice of the sale was given * * *."). Plaintiff further argues that title to a property cannot be litigated in an FED action, and, thus, defendant's failure to commence an action for declaratory relief bars his challenge on appeal.[2]

The outcome of this case is controlled by our decisions in *Wolf* and *Payne*. In *Wolf*, we considered whether a borrower who has notice of a trustee's sale under the OTDA is barred from later challenging the sale on the grounds that the sale was conducted by an entity that is "neither a validly appointed successor trustee nor the agent of a trustee." 276 Or App at 543. We answered that a borrower is not barred, explaining that "the participation of a 'trustee' is so fundamental to a 'trustee's sale' that a sale cannot foreclose and terminate an individual's property interest under [ORS 86.797(1)] *unless that sale is conducted by an actual trustee.*" *Id.* at 546 (emphasis added). Accordingly, we concluded that, "in the absence of a validly appointed trustee, there is no 'trustee' at all for purposes of the OTDA—and, hence, no 'trustee's sale' with the power to foreclose other persons' property interests." *Id.* at 547.

---

[1] Many of the applicable provisions of the OTDA were renumbered in 2013. Throughout this opinion, we refer to the statutes by their current citations.

[2] Plaintiff also contends that defendant failed to preserve his appellate argument because he failed "to object to the admissibility of [plaintiff's] trial exhibits and evidence," including the original trust deed, documentation regarding the various assignments of that deed, and the trustee's deed. However, plaintiff fails to explain why defendant was required to object to the admission of the very documents that illustrated the MERS issue that, in defendant's view, invalidated the foreclosure. Accordingly, we reject plaintiff's preservation argument without further discussion.

The holding in *Wolf* defeats plaintiff's argument that ORS 86.797 bars defendant's post-sale challenge to a foreclosure sale. At oral argument in this case, plaintiff nevertheless contended that *Wolf* is distinguishable on the basis that, in *Wolf,* the borrower had filed a separate action for declaratory relief which was then later consolidated with the plaintiff's FED action. *See Wolf,* 276 Or App at 543. Plaintiff thus argued that, unlike the present case, in *Wolf,* we had no occasion to decide whether the borrower's challenge to the validity of the trustee's sale would have succeeded in an FED action, even in the absence of the prior claim for declaratory relief.

Subsequent to oral argument in this case, we issued the decision in *Payne*, applying the rule from *Wolf* to an appeal from an FED action in which the borrower argued, much like defendant argues in this case, that the trial court erred in determining that the plaintiff was entitled to possession of the premises in the absence of evidence in the record that the sale had been conducted by a validly appointed trustee. *Payne*, 279 Or App at 241-42. In doing so, we expressly rejected the argument being made by plaintiff in this case (that *Wolf* was distinguishable on the ground that the borrower in *Wolf* had filed a separate declaratory judgment action), explaining that there was no "principled reason for that distinction between types of post-sale challenges to the validity of the appointment of a trustee." *Id.* at 243 n 2.

Because neither of plaintiff's arguments provides a basis to affirm the trial court's judgment, we turn to the question of whether a valid trustee's sale occurred. We conclude that it did not. The only evidence in the record of an assignment of the trust deed to BAC was the July 13 assignment by MERS, which, as defendant points out, held no beneficial interest in the deed and thus could not effect a valid assignment of the trust deed to BAC. *See Brandrup*, 353 Or at 675. Nor is there any evidence that would permit a finding that MERS was an "agent" of Edgewater. *See id.* at 709 (trust deeds, in and of themselves, are insufficient to establish the necessary agency relationship). Furthermore, because BAC was not a valid beneficiary, it had no authority to appoint ReconTrust as successor trustee. *See* ORS

86.713(3) ("At any time after a trust deed is executed, *the beneficiary may appoint in writing another qualified trustee.*" (Emphasis added.)). It follows that ReconTrust was not a "trustee" within the meaning of the OTDA, and, therefore, no "trustee's sale" with the power to foreclose defendant's interests in the property ever occurred. *See* ORS 86.710 (power of advertisement and sale is conferred upon "the trustee"); ORS 86.752 (authorizing "a trustee" to foreclose a trust deed by advertisement and sale when certain requirements are satisfied).

In short, the record does not permit a conclusion that a valid trustee's sale occurred, and the trial court erred when it concluded otherwise. Thus, we reverse the trial court's judgment awarding restitution of the premises to plaintiff.

Reversed.