**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARY STRONG,

        Plaintiff-Appellant,

  v.

COUNTRYWIDE HOME LOANS, INC.; et al.,

        Defendants-Appellees.

No. 16-35297

D.C. Nos.   6:16-cv-00233-MC
              6:16-cv-00331-MC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Mary Strong appeals pro se from the district court's judgment dismissing her diversity action related to mortgage loans on her real property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011) (dismissal

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under Fed. R. Civ. P. 12(b)(6)); *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) (standing). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm in part, vacate in part, and remand.

The district court properly dismissed Strong's intentional infliction of emotional distress and fraud claims because Strong failed to allege facts sufficient to state plausible claims for relief. *See Babick v. Or. Arena Corp.*, 40 P.3d 1059, 1063 (Or. 2002) (setting forth elements of intentional infliction of emotional distress claim); *Johnsen v. Mel-Ken Motors*, 894 P.2d 540, 545 (Or. Ct. App. 1995) (setting forth elements of fraud claim).

Dismissal of Strong's rescission claim was proper because Strong failed to allege facts sufficient to show that she was fraudulently induced to enter into the deeds of trust. *See First W. Mortg. Co. v. Hotel Gearhart, Inc.*, 488 P.2d 450, 453 (Or. 1971) (setting forth elements of rescission claim).

Dismissal of Strong's wrongful foreclosure claim was proper as to Countrywide Home Loans, Inc., Bank of America, N.A., Federal Home Loan Mortgage Corporation, and Mortgage Electronic Registration Systems, Inc. because Strong failed to allege an injury in fact to establish Article III standing.

16-35297

*See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 180-81 (2000) (the alleged injury must be "actual or imminent, not conjectural or hypothetical" to establish Article III standing); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (elements of Article III standing).

The district court dismissed Strong's wrongful foreclosure, quiet title, slander of title, and declaratory judgment claims as to defendants GMAC Mortgage, LLC, Stratagem Capital, LLC, Bank of New York Mellon Trust Co., N.A., and Residential Asset Mortgage Products, Inc., and Strong's quiet title, slander of title, and declaratory judgment claims as to Countrywide Home Loans, Inc., Bank of America, N.A., Federal Home Loan Mortgage Corporation, and Mortgage Electronic Registration Systems, Inc. after concluding that Strong lacked standing to bring those claims given that the property had already been foreclosed upon in connection with her junior mortgage loan. However, Strong alleged that the foreclosure sale on the junior loan was not conducted by the trustee or an authorized agent of the trustee. In a recent decision, this court clarified that a borrower has standing to bring a post-sale challenge under Or. Rev. Stat. § 86.797(1) if it is "based on lack of notice or some other fundamental flaw in the foreclosure proceedings." *Woods v. U.S. Bank, N.A.*, 831 F.3d 1159, 1166 (9th

16-35297

Cir. 2016) (citation and internal quotation marks omitted); *see also Wolf v. GMAC Mortg., LLC*, 370 P.3d 1254, 1256 (Or. Ct. App. 2016) (explaining that "the participation of a 'trustee' is so fundamental to a 'trustee's sale'" that Or. Rev. Stat. § 86.797(1) does not bar a post-sale challenge alleging that the sale of the property was not conducted by a duly authorized trustee). In light of this intervening authority, we vacate the judgment as to these claims and remand for further proceedings.

The record is unclear whether GMAC Mortgage, LLC, Stratagem Capital, LLC, and Residential Asset Mortgage Products, Inc. were served with the complaint. On remand, the district court should consider whether it has personal jurisdiction over these defendants. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-445 (1946) ("[S]ervice of summons is the procedure by which a court . . . asserts jurisdiction over the person of the party served."). Accordingly, Strong's motion for default judgment (Docket Entry No. 18) is denied without prejudice.

We do not consider arguments and allegations raised for the first time on

16-35297

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).  We do not consider documents or facts not presented to the district court.  *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

All Strong's pending motions are denied.

Appellees shall bear the costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**