NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KAMBIZ MORADI, husband; HOMA
MORADI, wife,

Plaintiffs-Appellants,

v.

RECONTRUST COMPANY, N.A.; et al.,

Defendants-Appellees.

No. 20-35711

D.C. No. 3:19-cv-01590-JR

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted April 20, 2021**

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Kambiz Moradi and Homa Moradi appeal pro se from the district judgment

in their diversity action arising from the foreclosure proceedings. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's

dismissal for failure to state a claim upon which relief can be granted. *Puri v.*

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of plaintiffs' action was proper because it was barred by the doctrine of res judicata. *See Lincoln Loan Co. v. Portland*, 136 P.3d 1, 5-10 (Or. 2006) (explaining that res judicata applies to challenges based on lack of subject matter jurisdiction); *Bloomfield v. Weakland*, 123 P.3d 275, 279 (Or. 2005) (setting forth elements of res judicata under Oregon law and explaining that res judicata forecloses prelitigation of "any ground or theory of relief that the party could have litigated in the first instance"); *see also Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1247 (9th Cir. 2017) (the preclusive effect of a judgment issued by a federal court sitting in diversity is determined by reference to the law of the state where the rendering federal diversity court sits).

Plaintiffs' contention, that they did not discover that they could bring this action until the Oregon Court of Appeals issued *Wolf v. GMAC Mortgage, LLC*, 370 P.3d 1254 (Or. Ct. App. 2016), lacks merit because plaintiffs' initial action litigating matters arising from the foreclosure sale was filed in 2017, a year after *Wolf* was issued.

**AFFIRMED.**

20-35711